THE STATE, EX REL. SROVNAL ET AL., APPELLANTS, *v.* LINTON, APPELLEE.

[Cite as State, ex rel. Srovnal, v. Linton
(1976), 46 Ohio St. 2d 207.]

(No. 75-904—Decided May 12, 1976.)

"****'  .

210

*Messrs. Cain & Lobo* and *Mr. Arthur L. Cain,* for appellants.

, *Mr. Joseph W. Bartunek,* law director, *Messrs, Bartunek, Bennett & Garofoli* and *Mr. Isaac Schulz,* for appellee.

CORRIGAN, J.

I.

It should be borne in mind that in this case we are concerned with a zoning use exception and not with a zoning use classification change. The former is purely administrative in character in connection with executing provisions of a municipal zoning code. The latter is legislative in character.

The appellants argue, in their brief, that Resolution No. 1975-78 makes substantive changes in the zoning code which are not provided for in the administrative procedure of the code and is, therefore, legislative in nature, consti-

tuting an amendment of the zoning code and subject to the referendum provisions of R. C. 731.29. Appellants maintain further that, where there is doubt on the question of whether or not the action of a legislative body is legislative or administrative, uncertainty should be resolved in favor of determining the action to be legislative because the right of referendum should be promoted to ensure a liberal construction of the voting rights reserved to the citizens of a municipality.

Specifically, the appellants urge that Resolution No. 1975-78 effects a zoning use change in the height regulations in a Motor Service Area as required by Section 1132.09 of the Planning and Zoning Code of the city of Solon.

## II.

The question of whether particular actions of a legislative body are legislative or administrative in nature is not a novel one for this court's consideration.

In *Donnelly* v. *Fairview Park* (1968), 13 Ohio St. 2d 1, this court held, in paragraphs one and two of the syllabus:

"1. A public body essentially legislative in character may act in an administrative capacity.

"2. The test for determining whether the action of a legislative body is legislative or administrative is whether the action taken is one enacting a law, ordinance or regulation, or executing or administering a law, ordinance or regulation already in existence."

The *Donnelly* case involved a resubdivision of land by the appellants. The resubdivision proposed by the appellants met all the provisions of the Fairview Park Zoning Code and was accepted and approved by the planning commission. The city council refused or declined to act on the proposed resubdivision. This court, Judge Zimmerman speaking for the majority, held that the refusal to approve a plan, which met the terms of a zoning ordinance already adopted and in existence, is an administrative act, and an appeal from such failure or refusal to approve lies to the Court of Common Pleas under R. C. Chapter 2506.

The court held that the test involved in that case was a functional one. If the action of the legislative body creates a law, the action is legislative; if the action consists of executing or administering an existing law, the action is administrative.

In *Myers* v. *Schiering* (1971), 27 Ohio St. 2d 11, this court held that municipal referendum powers under Section 1f of Article II of the Ohio Constitution are limited to questions which municipalities are "authorized by law to control by legislative action." The court held that the passage by a city council of a resolution granting a permit for the operation of a sanitary landfill, as required by an existing zoning regulation, constitutes administrative action and is not subject to referendum proceedings. Clearly, in that case, the action of the city council consisted of executing or administering an existing zoning regulation which empowered the council to grant permits to dump in an area zoned "heavy industrial."

Section 1127.02 of the Planning and Zoning Code of the city of Solon allows the planning commission of said city to permit zoning use exceptions in any use district when the commission determines that such use will not substantially and permanently injure the appropriate use of neighboring property, provided that the applicant files the consents of the owners of 80 percent of the land deemed by the commission to be immediately affected.

The planning commission held a public hearing at which the developer presented the requisite signatures and, after discussion, adopted the resolution granting a zoning use exception.

The city council, pursuant to Section 1127.02 of the Planning and Zoning Code, confirmed the action of the planning commission and added an additional condition that the zoning use exception not be transferred or assigned.

Clearly, the actions of the planning commission and the council of the city of Solon consisted of executing and administering the zoning provisions of the city of Solon

in respect to the granting of zoning use exceptions.

Appellants maintain that, while the procedures for a zoning use exception were followed, the mere fact that the procedures were administrative does not transform the action into an administrative decision if, in fact, the effect of the action was to amend or rezone a use district. Appellants maintain that the allowance of the proposed facilities so exceeded the height limitations of Section 1132.09 of the Planning and Zoning Code as to constitute a change in the zoning use classification of the use district. We disagree.

As has been previously pointed out, a zoning use exception is applicable only to a specific set of facts involving a specific parcel of land in a use district. Zoning ordinances imposing height restrictions ordinarily provide for the making of use exceptions or the granting of variances in appropriate circumstances. *Schwartz* v. *Wagner* (1956), 385 Pa. 364, 123 A. 2d 417. Section 1127.02 permits the planning commission to allow use exceptions in respect to specific property in a use district. A use exception usually contemplates different structures than those provided for in the use district. An examination of Section 1127.02 of the Planning and Zoning Code does not disclose any intention to make height restrictions mandatory and, therefore, invulnerable to change by means of use exceptions, as maintained by the appellants.

This court is of the opinion that the actions of the planning commission and the council of the city of Solon consisted of executing and administering the provisions of the Planning and Zoning Code of the city relative to the granting of zoning use exceptions; and, that the action taken in granting such an exception affected only the property of the applicant and did not alter the character of the use district or any mandatory zoning requirements. The action taken was within the administrative discretion of the municipal government of the city of Solon and does not constitute legislative alteration or amendment of that municipality's Planning and Zoning Code. If appellants wish to challenge the exercise of the municipal government's

discretion as improper, relief is available by means of an administrative appeal, pursuant to R. C. Chapter 2506.

The judgment of the Court of Appeals, dismissing appellants' writ of mandamus, is, therefore, affirmed.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.