T. MARZETTI CO., APPELLEE, *v.* DOYLE ET AL., APPELLANTS.

26

(No. 86AP-782—Decided
May 12, 1987.)

*Genbert & Aucoin* and *Paul Aucoin,* for appellee.
*Jerry Doyle, pro se.*
*Anthony J. Celebrezze, Jr.,* attorney general, and *Ellen Leidner,* for appellant Ohio Civil Rights Commission.

BROGAN, J. This matter is before us on appeal from a judgment of the Court of Common Pleas of Franklin County reversing an order of the Ohio Civil Rights Commission which found appellee, T. Marzetti Co. ("Marzetti"), liable for discriminatory practices in violation of R.C. 4112.02(A).

This action was initiated by the filing of a charge affidavit by appellant Jerry Doyle before the Ohio Civil Rights Commission ("commission") on April 1, 1980. Doyle charged that Marzetti discharged him due to his race (black). The commission issued a formal complaint charging Marzetti with unlawful race discrimination in violation of R.C. 4112.02(A).

A hearing was conducted before a duly qualified hearing examiner and a complete record of the proceedings was made. On November 5, 1982, the hearing examiner filed her findings of fact, conclusions of law, and recommendations. The examiner found that the commission had failed to prove a violation of R.C. 4112.02(A) by reliable, probative, and substantial evidence. She recommended that the commission dismiss the complaint.

Both Doyle and Marzetti filed objections to the hearing examiner's report and presented oral arguments before the commission on December 7, 1982. On February 14, 1983, the commission issued its final order, finding Marzetti had violated R.C. 4112.02(A), and ordered appropriate remedial action.

On February 23, 1983, Marzetti sought judicial review of the commission's order in the Franklin County Court of Common Pleas pursuant to R.C. 4112.06. The commission filed with the court of common pleas a cross-petition for enforcement of its February 14, 1983 order and filed in its entirety the record of proceedings.

On August 11, 1986, the trial court issued its decision reversing the commission. In its decision, the trial court noted:

"In this case none of the commission members reviewed the record prior to the decision in this case. None had even read the report of their own hearing examiner. In this situation, the Court finds that the *standard of review generally afforded decisions of administrative agencies is not warranted.*" (Emphasis added.)

The above decision was journalized as a judgment entry on September 10, 1986. Both Doyle and the commission have timely appealed seeking reversal of the trial court's judgment and reinstatement of the commission's order of February 14, 1983. The commission has assigned two errors for our review. In the first assignment of error, the commission contends the trial court erred in failing to apply the statutory standard of review and in finding that the standard of review generally afforded decisions of administrative agencies was not warranted.

R.C. 4112.06(E) provides the standard of review which is to be utilized by the common pleas court in reviewing a final order of the Ohio Civil Rights Commission. It provides:

"The findings of the commission as to the facts shall be *conclusive* if supported by reliable, probative, and sub-

stantial evidence on the record and such additional evidence as the court has admitted considered as a whole." (Emphasis added.)

"Reliable, probative, and substantial evidence" in an employment discrimination case brought pursuant to R.C. Chapter 4112 means evidence sufficient to support a finding of discrimination under Section 2000e *et seq.*, Title 42, U.S. Code (Title VII of the Civil Rights Act of 1964), and *Plumbers & Steamfitters Commt.* v. *Ohio Civil Rights Comm.* (1981), 66 Ohio St. 2d 192, 196, 20 O.O. 3d 200, 203, 421 N.E. 2d 128, 131.

Justice Sweeney noted the following in the *Plumbers* case:

"In *Univ. of Cincinnati* v. *Conrad* (1980), 63 Ohio St. 2d 108, this court considered the scope of review available in a Court of Common Pleas when a party takes an administrative appeal pursuant to R.C. 119.12. *Conrad* acknowledged that when a Court of Common Pleas reviews an administrative order, it serves a hybrid function. The court must determine as a matter of law whether the administrative decision is supported by reliable, probative, and substantial evidence. To make this determination, however, the court must necessarily consider the evidence. *Id.* at page 111. Specifically, 'where it appears that the administrative determination rests upon inferences improperly drawn from the evidence adduced, the court may reverse the administrative order.' *Id.* at pages 111-12.

"* * *

"Following *Conrad,* a Court of Common Pleas 'must give due deference to the administrative resolution of evidentiary conflicts.' *Id.* at page 111. Due deference, however, does not contemplate uncritical acquiescence to administrative findings. The Court of Common Pleas misapprehended its hybrid function when it affirmed the com-

mission's findings and order. The record, for reasons previously stated, does not indicate by reliable, probative, and substantial evidence that the complainant's race was a factor in JAC's decision to terminate him. The Court of Appeals properly applied the rule of *Conrad* in reversing the Court of Common Pleas." *Id.* at 200, 20 O.O. 3d at 204-205, 421 N.E. 2d at 133-134.

The trial court candidly stated it did not follow the statutory standard of review because it found that none of the commission members had read the record or the report of the hearing examiner. Where did the trial court obtain this information? In its final order dated February 14, 1983, the commission noted, in a preliminary statement, that it had considered the official stenographic record of the public hearing before the hearing examiner, all exhibits therein, the hearing examiner's report, and the objections filed thereto.

Perhaps the source of the trial court's information about the actions of the commission can be traced to Marzetti's summary/supplemental brief in support of its petition for judicial review, filed on November 26, 1985. Attached to Marzetti's brief was the affidavit of Paul Aucoin, counsel for Marzetti. In the affidavit, Aucoin stated that he had attended the December 7, 1982 commission meeting involving the discrimination claim brought by Jerry Doyle. Aucoin stated that the commission "deliberated" publicly, and that commission member Daisy Flowers noted the voluminous nature of the file, indicated she had only had enough time to review Jerry Doyle's objections, and had not read the hearing examiner's report. Aucoin further stated that three of the remaining four members also noted that they had not had time to review the file. Aucoin stated the fifth member of the

commission did not indicate whether or not he had read the file.

Aucoin further stated that Daisy Flowers then moved to overrule the report of the hearing examiner based entirely upon Doyle's unsworn statement made before the commission. Aucoin then stated that commission members Morgan, Franklin and Flowers voted to overrule the hearing examiner, with commission members Jackson and Ellis dissenting. Aucoin stated that the commission's findings of fact, conclusions of law and order were prepared by Assistant Attorney General Joe Oser sometime after the meeting (a meeting Aucoin stated Oser did not attend).

Again, on July 14, 1986, Aucoin stated the following in a reply brief filed with the trial court:

"At the risk of being redundant, the T. Marzetti Company would like to state again, on the record, that it was quite clear from the statements made by the Commissioners at the time the hearing examiner's report was overturned, that the rather voluminous record in this case had not been reviewed by the individual members. Indeed, the only member who indicated that she had reviewed any part of the file, was Commission member Daisy Flowers, who indicated she had read the objections filed by Jerry Doyle (along with portions of the transcript attached thereto), but had not reviewed any other part of the record. Notwithstanding the individual members' unwillingness to review the record themselves in this case, the lengthy report of the hearing examiner * * * was ignored. * * *'"

Less than a month later, on August 11, 1986, the trial court apparently took to heart Aucoin's brief and now *factually* found that the commission had failed to review the record or the hearing examiner's report, and chose to find that the statutorily mandated standard of review was not warranted.

The trial court was required to judicially review the decision of the Ohio Civil Rights Commission upon the record before it. The commission is required to file with the court a transcript of the record of the hearing before it. The transcript is to include all proceedings in the case, including all evidence and proffers of evidence. R.C. 4112.06(B). The court may grant a request for the admission of additional evidence when satisfied that such additional evidence is newly discovered and could not, with reasonable diligence, have been ascertained prior to the hearing before the commission. R.C. 4112.06(D). No request for the admission of additional evidence was requested or granted by the trial court. "A court of common pleas may modify a decision of the Ohio Civil Rights Commission, in an appeal from an order of such commission, only where the court admits additional evidence *relevant to the offense charged.*" (Emphasis added.) *Miller Properties* v. *Ohio Civil Rights Comm.* (1972), 34 Ohio App. 2d 113, 63 O.O. 2d 169, 296 N.E. 2d 300, paragraph four of the syllabus.

In *United States* v. *Morgan* (1941), 313 U.S. 409, the United States Supreme Court found that it was improper to subject the Secretary of Agriculture (who had previously conducted a proceeding which resembled judicial proceedings) to deposition and subpoena. The court stated at page 422 of its decision:

"* * * '[I]t was not the function of the court to probe the mental processes of the Secretary.' * * * Just as a judge cannot be subjected to such a scrutiny, * * * so the integrity of the administrative process must be equally respected. * * *'" (Citations omitted.)

A statement of the rationale of the *Morgan* case is further explained in

*Carl Zeiss Stiftung* v. *V.E.B. Carl Zeiss, Jena* (D.D.C. 1966), 40 F.R.D. 318, 325-326, affirmed *sub nom. V.E.B. Carl Zeiss, Jena* v. *Clark* (C.A.D.C. 1967), 384 F. 2d 979, wherein the court reasoned:

"* * * The judiciary, the courts declare, is not authorized 'to probe the mental processes' of an executive or administrative officer. *This salutary rule forecloses investigation into the methods by which a decision is reached, the matters considered, the contributing influences, or the role played by the work of others — results demanded by exigencies of the most imperative character.* No judge could tolerate an inquisition into the elements comprising his decision — indeed, '[s]uch an examination of a judge would be destructive of judicial responsibility' — and by the same token 'the integrity of the administrative process must be equally respected.' * * *" (Emphasis added and footnotes deleted.)

In *Libis* v. *Bd. of Zoning Appeals* (1972), 33 Ohio App. 2d 94, 62 O.O. 2d 146, 292 N.E. 2d 642, the Summit County Court of Appeals cited *Morgan* in holding that it was not error for the court of common pleas to refuse to permit examination of members of the board of zoning appeals as to the reasons why they reached their conclusion. The court stated that "an administrative officer, sitting in a quasi-judicial capacity and required to reach a conclusion based on evidence presented to him, cannot be called by either party to the proceedings and examined as to his mental processes in arriving at such conclusion. * * *" *Libis* at 97, 62 O.O. 2d at 148, 292 N.E. 2d at 645.

In *State* v. *Carroll* (1977), 54 Ohio App. 2d 160, 8 O.O. 3d 285, 376 N.E. 2d 596, syllabus, the Erie County Court of Appeals held that "[w]here a license revocation hearing is held by the state medical board, pursuant to

R.C. 4731.23, before one member of the board, the requirements of a fair hearing and due process are not met where the record *affirmatively* shows that the assistant attorney general who prosecuted the case was present during the subsequent deliberations of the entire board and the transcript of the evidence of the hearing was not read or considered by all the members of the board." (Emphasis added.)

In *Carroll*, the issue of due process was raised *sua sponte* by the court of appeals and the parties were given an opportunity to and did file responsive briefs. The court then found the record affirmatively demonstrated the board did not consider the evidence, and therefore its order was not supported by reliable, probative, and substantial evidence. In the matter *sub judice*, no transcript of the hearing before the commission was made. The commission's order stated it had considered the evidence and the hearing examiner's report. It must be presumed that the commission acted in accordance with the law.

The commission attached to its reply brief the affidavits of the commission members who denied the statements attributed to them by Aucoin. Appellee Marzetti has moved to strike these affidavits as being untimely filed. We grant the motion for that reason and for the same reason the affidavit of Aucoin should not have been considered by the trial court.

If the findings of the commission are supported by some reliable, probative, and substantial evidence (albeit disputed evidence), the courts are not free to set them aside even though the courts could have drawn different inferences. 4 Davis, Administrative Law (1958 Ed.) 137, 138, Section 29.05. This is so even when the agency's decision differed from that contained in the recommendation of the agency's hearing examiner. *Western Reserve Psychi-*

30

atric *Hospital* v. *Knight* (1980), 69 Ohio App. 2d 108, 23 O.O. 3d 140, 430 N.E. 2d 967; *Dietz* v. *State Personnel Bd. of Review* (June 29, 1984), Lake App. No. 10-079, unreported; and *Ohio Dept. of Mental Health* v. *Crews* (Nov. 27, 1984), Franklin App. No. 84AP-477, unreported.

Accordingly, we find the commission's first assignment of error is sustained and this matter is remanded to the court of common pleas to review the commission's final order under the appropriate standard of review. It may well be that a careful examination of the record will reveal the absence of reliable, probative, and substantial evidence to support the commission's findings.

In its second assignment of error, the commission contends the trial court erred in not finding that the final order of the commission was supported by reliable, probative, and substantial evidence. In light of our decision regarding the first assignment of error, this second contention is moot. Accordingly, the second assignment of error is overruled.

For the foregoing reasons, the judgment of the trial court is reversed, and the cause is remanded for further proceedings in accordance with this opinion.

*Judgment reversed
and cause remanded.*

STRAUSBAUGH, P.J., and COOK, J., concur.

BROGAN, J., of the Second Appellate District, sitting by assignment in the Tenth Appellate District.

COOK, J., of the Eleventh Appellate District, sitting by assignment in the Tenth Appellate District.