TALBUT et al., Appellees,

v.

CITY OF PERRYSBURG, Appellant.

[Cite as *Talbut v. Perrysburg* (1991), 72 Ohio App.3d 475.]

Court of Appeals of Ohio,
Wood County.

No. WD–90–15.

Decided Feb. 8, 1991.

*Jerome R. Parker* and *Richard R. Malone,* for appellees.

*Peter D. Gwyn,* for appellant.

---

*Per Curiam.*

Pursuant to R.C. Chapter 2506, this case comes before this court on appeal from a judgment of the Wood County Court of Common Pleas. The lower court reversed the decision of the Perrysburg City Council ("council") which denied the application of appellees, Dorrence C. Talbut and Patricia L. Talbut, for a conditional use permit. Appellant, the city of Perrysburg, appeals that reversal.

The facts relevant to our decision are as follows.

Appellees filed an application for a conditional use permit, under Perrysburg Municipal Code Section 1264, in order to establish a child day care center in a district zoned C–4, Limited Commercial District. Council referred the matter to the Zoning, Planning and Annexation Committee ("Planning Committee"). The application was considered at the January 24, 1989 and February 15, 1989 meetings of the Planning Committee. Public notice was issued prior to the February 15 meeting, and interested parties were permitted to voice their concerns and opinions throughout the process. The Planning Committee, by unanimous vote, recommended to council that the application of appellees be denied. Public notice was issued by council on March 16, 1989. The public was invited to attend a public meeting on this zoning matter on March 21, 1989. At that meeting, the recommendation and report of the Planning Committee were reviewed and members of the public presented their opinions as to the effects of the proposed use. Appellees and their counsel were present at this meeting and voiced their views. Council then unanimously voted to deny the conditional use request.

Appellees timely appealed the denial to the Wood County Court of Common Pleas. Appellant moved to dismiss that appeal asserting that the lower court lacked the jurisdiction to hear the appeal. The court denied this motion and held a hearing at which additional evidence, pursuant to R.C. 2506.03, was adduced. On January 23, 1990, the lower court entered judgment which reversed the decision of council, granted a conditional use permit to appellees and remanded the case for the determination and imposition of reasonable conditions on the permit.

Appellant appeals that judgment and sets forth the following assignments of error:

"I. The court lacked jurisdiction over the subject matter of this action.

"II. The common pleas court erred by permitting a member of the city council to testify at the hearing on appellees' appeal."

Because we can dispose of this case on the merits, we will not address the validity of an ordinance which purports to reserve a great deal of power to a legislative body in dispensing conditional use permits. We merely note that constitutional questions could be raised relative to such an ordinance. 8A McQuillin, Municipal Corporations (3 Ed.1986), Section 25.17.

In its first assignment of error, appellant contends that, pursuant to R.C. 2506.01, a common pleas court has the jurisdiction to review only those administrative decisions which are the result of quasi-judicial proceedings. See *M.J. Kelley Co. v. Cleveland* (1972), 32 Ohio St.2d 150, 61 O.O.2d 394, 290

N.E.2d 562, paragraph one of the syllabus. Appellant asserts that administrative actions cannot be deemed quasi-judicial unless a statute, ordinance, code section, regulation or the like expressly requires that the administrative body provide for notice, hearing, and the opportunity for the introduction of evidence. Appellant supports this assertion by citation to paragraph two of the syllabus in *Kelley, supra,* and its progeny. Appellant argues that, despite the fact that this matter was initially processed by the Planning Committee and included public notice, public hearings, and the opportunity for the introduction of evidence, council did not determine that the proposed conditional use affected the city of Perrysburg comprehensive plan and, therefore, there was no requirement for such steps to be taken. Appellant concludes that the lack of an express requirement deprived the Wood County Court of Common Pleas of the jurisdiction to entertain this appeal.

 Clearly, the actions of administrative officials and agencies are appealable to a common pleas court under the provisions of R.C. Chapter 2506 only when the function performed is quasi-judicial in nature. *Union Title Co. v. State Bd. of Edn.* (1990), 51 Ohio St.3d 189, 190–191, 555 N.E.2d 931, 932; *Rossford Exempted Village School Dist. v. State Bd. of Edn.* (1989), 45 Ohio St.3d 356, 358, 544 N.E.2d 651 ("*Rossford*"); *Kelley, supra.* In determining whether the function of the administrative body is quasi-judicial, the Supreme Court of Ohio has established that the proceeding must resemble court proceedings in that an exercise of discretion is employed in adjudicating the rights and duties of parties with conflicting interests. *Union Title Co., supra,* 51 Ohio St.3d at 191, 555 N.E.2d at 932, citing *Rossford, supra,* 45 Ohio St.3d at 359, 544 N.E.2d at 654. The second requirement is that notice, hearing, and the opportunity to produce evidence be provided. *Kelley, supra.* See, also, *Union Title Co., supra.* The necessity for these latter requirements to be in some written form is obvious in those cases involving the acts of administrative officers or agencies. See, *e.g., Union Title Co., supra; State, ex rel. Rieke, v. Hausrod* (1979), 59 Ohio St.2d 48, 13 O.O.3d 35, 391 N.E.2d 736; *DeLong v. Bd. of Edn.* (1973), 36 Ohio St.2d 62, 65 O.O.2d 213, 303 N.E.2d 890. The line of cases considering whether the acts of a legislative body are subject to review under R.C. Chapter 2506, that is, are quasi-judicial, has not greatly emphasized the need for written requirements mandating due process procedures. Rather, those cases have focused upon whether the legislative body is enacting a law or other rule or executing or administrating a law already in existence. *Donnelly v. Fairview Park* (1968), 13 Ohio St.2d 1, 42 O.O.2d 1, 233 N.E.2d 500, paragraph two of the syllabus. The question posed is whether the legislative body is applying the law in an adjudicatory manner. See *Schomaeker v. First Natl. Bank* (1981), 66 Ohio St.2d 304, 309–310, 20 O.O.3d 285, 288–289, 421 N.E.2d 530, 535–536; *State, ex*

*rel. Srovnal, v. Linton* (1976), 46 Ohio St.2d 207, 75 O.O.2d 241, 346 N.E.2d 764; *Donnelly, supra; Against Chemical Indus. Dev., Inc. v. Oregon* (Feb. 12, 1982), Lucas App. No. L–81–223, unreported, 1982 WL 6257. Thus, while it must be conceded that the facts underlying most of the cases dealing with the standard to be applied to actions taken by legislative bodies relative to zoning disclose that due process requirements were mandated by law or rule, the focus of the cases is upon the discretion accorded the legislative body or its delegate in interpreting the zoning law. See, *e.g., Srovnal, supra*, 46 Ohio St.2d at 212–214, 75 O.O.2d at 244–245, 346 N.E.2d at 767–768; *Donnelly, supra.* See, also, *In re Appeal of Clements* (1965), 2 Ohio App.2d 201, 31 O.O.2d 328, 207 N.E.2d 573. Moreover, and more importantly, in *Clements, supra*, 2 Ohio App.2d at 210, 31 O.O.2d at 333, 207 N.E.2d at 579, the court found that a city council, in confirming and approving a variance recommendation of a city planning and zoning commission, was setting itself up as a final arbiter or appellate body and was therefore acting in a quasi-judicial manner. See, also, *Floyd Stamps Rambler, Inc. v. Euclid Planning & Zoning Comm.* (1963), 119 Ohio App. 249, 250, 27 O.O.2d 169, 170, 188 N.E.2d 185, 186; *Campana v. Hiram* (Mar. 31, 1980), Portage App. No. 921, unreported.

■ In the case before us, Perrysburg Municipal Ordinance Section 1210.-01(d) specifically requires that *all* zoning matters be referred to the Planning Committee. Council is then provided with the right to overrule or confirm the recommendations (regarding the zoning matters) of that committee. Other sections of the planning and zoning code provide council with the power to grant or deny a conditional use application and to determine whether the proposed use affects Perrysburg's comprehensive plan, and, in addition, provide standards to be used by council and/or the Planning Committee in reaching a decision. Perrysburg Municipal Code Sections 1264.01, 1264.03, 1264.05 and 1264.06. Thus, council, by ordinance, has set itself up as the final arbiter and exercises its discretion over all zoning questions, inclusive of conditional use permits. In addition, the requirements which are the earmarks of a quasi-judicial proceeding were *actually* followed and council, using standards delineated in the ordinances relevant to a consideration of the issuance of conditional use permits, exercised its discretion in interpreting those ordinances. Therefore, all elements necessary for reaching a finding that appellant did engage in a quasi-judicial or administrative proceeding were present. The trial court did not err in determining that it had the jurisdiction, under R.C. Chapter 2506, to entertain an appeal of the decision reached in that proceeding. Accordingly, appellant's first assignment of error is found not well taken.

Appellant, in its second assignment of error, contends that the trial court erred in permitting a member of both council and the Planning Committee, Timothy J. McCarthy, to testify at the hearing on appellees' appeal.

R.C. 2506.03 controls the procedure to be followed by a common pleas court in considering an appeal made pursuant to R.C. 2506.01. The hearing is confined to the transcript of the proceedings below unless one of the enumerated exceptions found in R.C. 2506.03(A) applies. In the present case, the common pleas court found that, under R.C. 2506.03(A)(5), appellant had failed to file conclusions of fact supporting its decision to deny appellees' application for conditional use permit. Therefore, the court determined that it could hear additional evidence. R.C. 2506.03; *Cahill v. Dayton Bd. of Zoning Appeals* (1986), 30 Ohio App.3d 236, 30 OBR 394, 507 N.E.2d 411. Appellant does not dispute the court's finding or the receipt of additional evidence. Appellant's sole argument is that the court below committed reversible error in allowing McCarthy to testify. Appellant, citing *Libis v. Bd. of Zoning Appeals* (1972), 33 Ohio App.2d 94, 62 O.O.2d 146, 292 N.E.2d 642, asserts that R.C. 2506.03 makes no provision for the interrogation of members of an administrative body. Further, appellant argues that members, when they participate in a procedure resembling a judicial proceeding, are acting in a quasi-judicial capacity and cannot be questioned as to the mental processes in reaching their decision. As to this last argument, appellant does not discuss its relevance to its contention that McCarthy's testimony should have been excluded in its entirety.

■ Our reading of R.C. 2506.03, *Libis, supra,* and the remaining authority cited by appellant discloses that neither the statute nor case law precludes members of an administrative body from testifying at an appeal hearing. R.C. 2506.03 provides that additional evidence may be introduced by any party and does not forbid testimony from a member of the administrative body. *Libis, supra,* and *T. Marzetti Co. v. Doyle* (1987), 37 Ohio App.3d 25, 523 N.E.2d 347 (and the cases cited therein), set the parameters for the interrogation of an administrative officer. Essentially, the officer cannot be questioned as to his mental processes in reaching the decision. *Libis, supra,* 33 Ohio App.2d at 97, 62 O.O.2d at 148, 292 N.E.2d at 645. A review of McCarthy's testimony discloses that he was not questioned as to his reasons for the denial of the conditional use permit or the mental processes, *e.g.,* matters considered or methods employed in reaching that decision. In addition, the other evidence adduced at the hearing was obviously the basis of the trial court's decision. That evidence was sufficient to support the trial court's determination that the record of this case did not contain a preponderance of reliable, probative, and substantial evidence to support appellant's decision. See R.C.

2506.04; *Harvey v. Civil Serv. Comm.* (1985), 27 Ohio App.3d 304, 27 OBR 360, 501 N.E.2d 39. Therefore, appellant's second assignment of error is found not well taken.

On consideration whereof, this court finds that substantial justice was done the party complaining. As to the merits of this case, we affirm and adopt the decision of the Wood County Court of Common Pleas and remand this case for execution of judgment. Court costs of this appeal are assessed against appellant.

*Judgment affirmed.*

HANDWORK, P.J., GLASSER and MELVIN L. RESNICK, JJ., concur.