OPINIONS OF THE SUPREME COURT OF OHIO
      The full texts of the opinions of the Supreme Court of Ohio
are being transmitted electronically beginning May 27, 1992,
pursuant to a pilot project implemented by Chief Justice Thomas
J. Moyer.
      Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Whitten, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.  Your
comments on this pilot project are also welcome.
      NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised to
check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.  The
advance sheets to Ohio St.3d will also contain the volume and
page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.


Community Concerned Citizens, Inc., Appellant, v. Union Township
Board of Zoning Appeals, Appellee.
[Cite as Community Concerned Citizens, Inc. v. Union Twp. Bd. of
Zoning Appeals (1993),      Ohio St.3d     .]
Zoning -- Application for conditional use of property denied --
      Not a taking under the Fifth or Fourteenth Amendments to the
      United States Constitution.
      (No. 92-207 --- Submitted April 20, 1993 --- Decided June
23, 1993.)
      Appeal from the Court of Appeals for Clermont County, No.
CA91-01-009.
      On September 14, 1989, appellant, Community Concerned
Citizens, Inc., filed an application with appellee, Union
Township Board of Zoning Appeals, for a conditional use of its
property located at 4480 Aicholtz Road, Cincinnati, Ohio ("the
property").  The property is situated in Union Township, Clermont
County, Ohio, and is zoned R-2, "Residential, Single-Family,"
pursuant to the Union Township Zoning Resolution.  Appellant
sought a conditional use in order to develop and operate a child
care center on the property.
      Appellee conducted a public hearing on October 5, 1989, for
purposes of considering the application.  Testimony was heard
from proponents and opponents of the application.  At the
conclusion of the hearing, the issue was tabled until November 2,
1989.
      At the November 2, 1989 meeting, both appellant's attorney
and the township's attorney addressed appellee.  At the
conclusion of the meeting, a motion was made to deny the
application for a conditional use, which was approved without
opposition.  Notice of appellee's final action was issued on or
about November 3, 1989.
      On December 1, 1989, appellant filed an appeal in the
Clermont County Court of Common Pleas.  A portion of appellant's
appeal was styled a "complaint."  This complaint was dismissed by
the trial court on June 4, 1990, and only the appeal remained for
adjudication.
      The trial court, on January 24, 1991, affirmed appellee's
decision to deny the conditional-use application. Appellant

appealed to the court of appeals which affirmed the trial court.

This cause is now before this court pursuant to the allowance of a motion to certify the record.

Rosenhoffer, Nichols & Schwartz and Gary A. Rosenhoffer, for appellant.

Lindhorst & Dreidame Co., L.P.A., and Mark A. MacDonald; and John C. Korfhagen, for appellee.

Alice Robie Resnick, J.   In what should have been a relatively straightforward process, for several reasons, this case has become a procedural quagmire.  On appeal to this court, appellant expends a great deal of effort arguing that the "complaint" it filed in the court of common pleas should not have been dismissed.  Specifically, appellant asserts that its constitutional claims and corresponding plea for a declaratory judgment should have survived appellee's motion to dismiss. However, "[a]n appeal from a final administrative decision denying a property owner a variance is filed under R.C. Chapter 2506." (Emphasis added.)  Karches v. Cincinnati (1988), 38 Ohio St.3d 12, 15, 526 N.E.2d 1350, 1354.  In addition, or in the alternative, a separate declaratory judgment action pursuant to R.C. Chapter 2721 may be pursued.  Id.

On appeal of a zoning board decision, an aggrieved party may argue that the ordinance, as applied in its particular case, is unconstitutional.  This limited constitutional argument is to be considered by the trial court in addition to any other arguments.  The determination of constitutionality turns on the specific proposed use of the property.  "In making such a limited determination, it is possible that the existing zoning could be unconstitutional, but the zoning would not be declared unconstitutional because the prohibition against the specific proposed use is valid."  Id. at 16, 526 N.E.2d at 1355.

In a declaratory judgment action filed pursuant to R.C. Chapter 2721, the landowner sets forth a challenge to the regulation's overall constitutionality.  "* * *[T]he declaratory judgment action is independent from the administrative proceedings; it is not a review of the final administrative order."  Driscoll v. Austintown Assoc. (1975), 42 Ohio St.2d 263, 271, 71 O.O.2d 247, 251, 328 N.E.2d 395, 401.  Such action does not raise the denial of the variance as an issue.

In this case, appellant attempted to create a hybrid constitutional challenge.  On December 1, 1989, appellant filed a "Notice of Appeal and Complaint; Jury Demand Endorsed Hereon." In this filing, appellant appealed the zoning decision pursuant to R.C. Chapter 2506, set forth four claims for relief in complaint form, asked for an R.C. Chapter 2721 declaratory judgment, and sought damages.

We find that appellant could have challenged the constitutionality of the ordinance as applied to the specific proposed use; however, in order to request a declaratory judgment appellant was required to file a separate R.C. Chapter 2721 action.  Procedurally, appellant's request for declaratory judgment could not be combined with its appeal.

Notwithstanding the fact that we hold that appellant's complaint was properly dismissed, we find that the reasons given therefor served to further complicate this case.  On May 9, 1990,

the trial court entered a decision that stated: "It is axiomatic that prior to the commencement of a declaratory judgment action to determine the validity of a zoning ordinance as applied to a specific parcel of property and [sic] owner must exhaust administrative remedies. * * * Two exceptions exist to this general rule. * * * Plaintiffs [sic] herein have shown neither exception to the general rule.

"The Court also notes that the thrust of Plaintiff's complaint is not attacking the Constitutionality of the zoning ordinance but rather upon the action of the [appellee] in this particular instance.

"The Court finds that the Motion to Dismiss the Complaint of Plaintiff is well taken and the same is hereby granted. * * *" The case then proceeded, according to the court's June 4, 1989 entry, "purely as an administrative appeal."

Our analysis of this case indicates that at the time the trial court dismissed appellant's complaint, the issues of whether appellant had exhausted its administrative remedies or whether the complaint was properly framed were not before the court. If appellant had filed a separate action seeking a declaratory judgment, the court's inquiry into appellant's prior exhaustion of its administrative remedies would have been proper. See Driscoll, 42 Ohio St.2d at 273, 71 O.O.2d at 252, 328 N.E.2d at 402. In this case, appellant did not separate its appeal and its complaint for declaratory judgment; therefore, the complaint should have simply been dismissed prior to any determination regarding appellant's exhaustion of remedies and/or the appropriateness of its arguments. Nevertheless, the fact that the complaint was ultimately dismissed, albeit after an improper analysis, renders further discussion of this issue unnecessary.

Appellant argues that it was improper for appellee to consider factors other than the requirements set forth in the zoning resolution concerning the grant of a conditional use. Appellant asserts that because it was capable of conforming to all the specific requirements for the day-care-center use, appellee was required to grant the conditional use. The failure to authorize the conditional use was, according to appellant, legislative in nature and, therefore, an improper exercise of appellee's powers.

The power of a township zoning board to grant a conditional use is ultimately derived from R.C. 519.14. This section provides, in relevant part: "The township board of zoning appeals may: * * *(C) Grant conditional zoning certificates for the use of land, buildings, or other structures if such certificates for specific uses are provided for in the zoning resolution."

According to Section 604 of the Union Township Zoning Resolution, township property zoned R-2 has two principal permitted uses, one conditional use requiring board approval, and one accessory use. Appellant applied to use the R-2 property for its "conditional use" purpose, which under Section 604 permitts: "Nursery schools and child care centers when located not less than thirty feet (30') from any lot in any 'R' District, providing that there are established and maintained in connection therewith one or more completely and securely fenced play lots which if closer than fifty feet (50') to any property line, shall

be screened by a masonry wall or compact evergreen hedge no less than five feet (5') in height, located not less than twenty feet (20') from any lot line in any 'R' District and maintained in good condition."

It is undisputed that appellant's day care center would conform to each of the specific conditional use requirements. However, appellant fails to recognize that Section 304 of the same township zoning resolution required appellee to consider additional information prior to deciding whether to grant a conditional use. Section 304, "Board of Zoning Appeals: Procedures and Powers," provides, in paragraph three: "Conditional Uses[.] The Board shall have the power to hear and decide, in accordance with the provisions of this Resolution, applications, filed as hereinbefore provided, for conditional uses * * *. In considering an application for a conditional use, * * * the Board shall give due regard to the nature and condition of all adjacent uses and structures * * *."

The decision to deny an application for a conditional use is clearly administrative in nature. It is not a narrowing of a zoning classification that could easily be construed as legislative in character and, therefore, an improper exercise of appellee's power. See State ex rel. Srovnal v. Linton (1976), 46 Ohio St.2d 207, 75 O.O.2d 241, 346 N.E.2d 764.

Quite simply, pursuant to R.C. 519.14(C), appellee initially gained the power to consider appellant's request for a conditional use through application of Section 304 of the zoning resolution. We find that appellee, properly considered "the nature and condition of all adjacent uses and structures" in deciding whether to authorize a conditional use for appellant. Whether appellant could meet the specific requirements set forth in Section 604 was but one factor to be considered by appellee in making its decision. Proving compliance with Section 604 did not in any way make the grant of a conditional use "automatic." Appellee was still bound by law to consider the other aforementioned circumstances.

Appellant argues that appellee's decision to deny its application was arbitrary and unreasonable as it was inconsistent with appellee's previous decisions, and that appellee failed to indicate the reasons for the inconsistency. Appellant urges us to require that "decisional uniformity" be practiced by individual boards of zoning appeals.

In reviewing appellee's decision, a court is bound by the nature of administrative proceedings to presume that the decision of the administrative agency is reasonable and valid. C. Miller Chevrolet, Inc. v. Willoughby Hills (1974), 38 Ohio St.2d 298, 67 O.O.2d 358, 313 N.E.2d 400. Courts evaluating the decision of an administrative body must weigh the evidence in the record in order to determine whether there is a preponderance of reliable, probative, and substantial evidence supporting the decision. R.C. 2506.04 and Dudukovich v. Lorain Metro. Hous. Auth. (1979), 58 Ohio St.2d 202, 207, 12 O.O.3d 198, 202, 389 N.E.2d 1113, 1117. However, a reviewing court should not substitute its judgment for that of the agency. Dudukovich, supra.

In evaluating the record here, we find, as did the courts below, that appellee's decision was supported by a preponderance of reliable, probative and substantial evidence and that appellee acted reasonably. Among the factors supporting appellee's

decision to deny the application, the record shows cumulative, direct evidence of traffic and related safety problems that would obviously be exacerbated by appellant's proposed use of the property.

Appellant further argues that the appellee's decision was unreasonable because on at least one other occasion that is relevant here, appellee had approved an application for a day care center, and was, therefore, bound by precedent to grant the conditional use in this case.  We are unconvinced that appellee's decision here was dictated by its previous ruling on a similar application.

Appellant has not convinced us that the subject property and the area surrounding it are similar in any material way to the circumstances under which conditional uses have been previously granted.  While we recognize that a day care application was previously approved, it is clear that the facts of each application are unique.  The record indicates that a conditional use for a day care center was granted by appellee in 1981.  In that instance, no one in opposition to the use attended the hearing, and the only objection apparently focused on a traffic problem the center would cause.  In contrast, in this case, ten persons opposing the conditional use spoke at the October 5, 1989 hearing, and cumulative information was submitted to appellee detailing concerns such as pre-existing sewer, traffic and safety problems.  Therefore, it was not unreasonable for appellee in the case before us to reach a different result.

In its final argument, appellant urges us to find that the permissive denial of an economically productive or viable use of its property is equivalent to a "total taking" of the property in violation of the Fifth and Fourteenth Amendments to the United States Constitution; therefore, compensation is due the owner. In support, appellant cites the reasoning set forth in Lucas v. South Carolina Coastal Council (1992), 505 U.S.      , 112 S.Ct. 2886, 120 L.Ed.2d 798.

After analyzing appellant's arguments, we find that the situation presented in Lucas was significantly different from the case before us.  In Lucas, the petitioner purchased two residential lots on a South Carolina barrier island in 1986.  In 1988, the Beachfront Management Act ("the Act") was enacted by the state legislature.  The Act prevented Lucas from constructing any permanent occupiable structures on his property.  Lucas filed suit against the state regulatory agency, claiming that although the exercise of the state's police power was lawful, it deprived him of all "economically viable" uses of his land, and was, therefore, a compensable taking.  The trial court agreed with the landowner and the Supreme Court of South Carolina reversed. Lucas v. South Carolina Coastal Council (1991), 304 S.C. 376, 404 S.E.2d 895.

In reversing the South Carolina court, the United States Supreme Court held, inter alia, that citizens acquire a "bundle of rights" when they take title to property.  In accordance with the Takings Clause, that "bundle" cannot be held subject to the state's subsequent decision to eliminate all economically beneficial uses and a regulation having such effect cannot be enacted or sustained without compensation being paid to the owner.  However, if the new restriction simply clarifies an existing regulation, no compensation is owed.  Lucas, 505 U.S.

at     , 112 S.Ct. at 2899-2900, 120 L.Ed.2d at 820-821.

In the case before us, appellant purchased the property with the knowledge that it was zoned R-2 and that a day care center was a conditional use.  The Union Township regulations were not changed after the property was purchased.

Further, appellant has the option of erecting a structure that conforms to existing requirements.  The fact that it is not permitted to construct and operate a day care center does not deny appellant all economically beneficial uses.  Therefore, we hold that appellee's refusal to grant appellant's application for a conditional use was not a taking under the Fifth or Fourteenth Amendments to the United States Constitution.

Accordingly, the judgment of the court of appeals is affirmed.

Judgment affirmed.

Moyer, C.J., A.W. Sweeney, Wright and F.E. Sweeney, JJ., concur.

Douglas and Pfeifer, JJ., dissent.