JOURNAL ENTRY AND OPINION
Plaintiff-appellant David Terry (Terry) appeals from the order of the trial court granting the motion to dismiss filed by defendant-appellee Council of the City of Strongsville (Strongsville City Council) in Case No. CV-362728. Terry also appeals from the order of the trial court granting Strongsville City Council's motion to dismiss in Case No. CV-383664. For the following reasons, we affirm the judgments of the trial court.
On January 28, 1998, Terry filed a petition for zoning change with the City of Strongsville. The City's Planning, Zoning and Engineering Committee issued a recommendation in favor of an ordinance amending the zoning map of Strongsville. Nevertheless, on July 27, 1998, Strongsville City Council voted to defeat Proposed Ordinance No. 1998-47.
On August 26, 1998, Terry filed a R.C. 2506.01 appeal with the Cuyahoga County Court of Common Pleas (Case No. CV-362728). In his notice of appeal, Terry named Council of the City of Strongsville as the appellee. Terry sought judicial review of City Council's vote to defeat the Proposed Ordinance No. 1998-47.
On November 4, 1998, Strongsville City Council filed a motion to dismiss Case No. CV-362728. In a journal entry filed on July 8, 1999, the trial court granted City Council's motion to dismiss. Therefrom, Terry filed a timely notice of appeal with this court (App. No. 76741).
After filing his initial R.C. 2506.01 appeal with the trial court, Terry modified his zoning request. On April 19, 1999, Strongsville City Council defeated Terry's second request for an amendment to Strongsville's zoning legislation (Proposed Ordinance No. 1999-4). On May 7, 1999, Terry filed a second administrative appeal with the court of common pleas. (Case No. CV-383664). On June 17, 1999, Strongsville City Council filed a motion to dismiss Case No. CV-383664. The trial court granted City Council's motion to dismiss on September 28, 1999. Therefrom, appellant filed a timely notice of appeal with this court (App. No. 77168). Terry's appeals have been consolidated for our review.
 I. THE LOWER COURT ERRED IN DISMISSING APPELLANT'S CHAPTER 2506 APPEAL, BECAUSE APPELLEE ACTED IN A QUASI-JUDICIAL, AS OPPOSED TO LEGISLATIVE, MANNER IN REJECTING APPELLANT'S PETITION, AND FURTHER, APPELLEE FAILED TO ACHIEVE THE REQUIRED SUPER-MAJORITY OF VOTES WHEN IT VOTED TO REJECT THE PLANNING COMMISSION'S UNANIMOUS RECOMMENDATION FOR APPROVAL OF APPELLANT'S PETITION.
 II. THE LOWER COURT ERRED IN DISMISSING APPELLANT'S CHAPTER 2506 APPEAL, BECAUSE THE DOCTRINE OF ESTOPPEL BY JUDGMENT PRECLUDED THE DENIAL OF APPELLANT'S REQUESTED REZONING PLAN.
 III. THE LOWER COURT ERRED IN DISMISSING APPELLANT'S CHAPTER 2506 APPEAL, BECAUSE THE SCOPE OF CHAPTER 2506 DOES NOT CHANGE WHEN THE APPEAL CONCERNS THE CONSTITUTIONALITY OF AN ORDINANCE; THUS, THE ISSUE OF THE CONSTITUTIONALITY OF THE CITY OF STRONGSVILLE CODIFIED ORDINANCES AS APPLIED TO APPELLANT CAN BE DETERMINED BY THE COURT PURSUANT TO O.R.C. S2506.04.
 IV. THE LOWER COURT ERRED IN DISMISSING APPELLANT'S CHAPTER 2506 APPEAL, BECAUSE THE CITY, ACTING IN A QUASI-JUDICIAL MANNER, REJECTED APPELLANT'S APPLICATION AND THUS MADE A DETERMINATION OF RIGHTS OF APPELLANT PURSUANT TO O.R.C. S2506.01; THUS, THE CITY WAS PROPERLY NAMED AND CAN BE SUED UNDER AUTHORITY OF CHAPTER 2506.
In his four assignments of error, Terry argues that the trial court erred in granting Strongsville City Council's motions to dismiss. As an initial matter, we must determine whether City Council was an appropriate party to the underlying cases.
A city council is not sui juris and therefore cannot sue or be sued in its own right, absent statutory authority. Cuyahoga Falls v. Robart (1991), 58 Ohio St.3d 1, 6 (emphasis added), citing State ex rel. Cleveland Municipal Court v. Cleveland City Council (1973), 34 Ohio St.2d 120, 122; Council of Whitehall v. Rogers (1980), 69 Ohio App.2d 124.
Terry claims that R.C. 2506.01 provides the statutory authority to file an administrative appeal against a city council. R.C. 2506.01 provides:
 Every final order, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, department, or other division of any political subdivision of the state may be reviewed by the court of common pleas of the county in which the principal office of the political subdivision is located as provided in Chapter 2505. of the Revised Code, except as modified by this chapter.
 The appeal provided in this chapter is in addition to any other remedy of appeal provided by law.
 A "final order, adjudication, or decision" means an order, adjudication, or decision that determines rights, duties, privileges, benefits, or legal relationships of a person, but does not include any order, adjudication, or decision from which an appeal is granted by rule, ordinance, or statute to a higher administrative authority if a right to a hearing on such appeal is provided, or any order, adjudication, or decision that is issued preliminary to or as a result of a criminal proceeding.
The Supreme Court of Ohio has established that the denial of a requested amendment to a zoning ordinance is a legislative decision and, therefore, such a decision cannot be appealed under R.C. 2506.01. Berg v. City of Struthers (1964), 176 Ohio St. 146. In Berg, the court held:
 The refusal of the city council, the legislative body of appellant, to grant the requested zone change was a legislative action. The Administrative Appeals Act (Chapter 2506, Revised Code), providing for appeals from actions of administrative officers, tribunals and commissions, does not permit appeals from acts of legislative bodies.
Id.at 146-147. See also Moraine v. Bd. of Cty. Commrs. (1981),67 Ohio St.2d 139, 144 (It is well settled herein that the denial of an amendment to a comprehensive zoning plan is a legislative function.); Forest City Ent., Inc. v. Eastlake (1975), 41 Ohio St.2d 187, 189 (In Ohio, the power to zone or rezone, via the passage or amendment of a comprehensive zoning ordinance, is clearly a legislative function.); Tuber v. Perkins (1966), 6 Ohio St.2d 155, 157 (The enactment and amendment of zoning regulations constitute legislative action.).
As this court noted in Flair Corp. v. Brecksville (1976),49 Ohio App.2d 77, 81:
 * * * [W]hen a person makes a request to a city council to rezone property, this is a request for legislative action not administrative action, and the action or refusal to act of the city council in rezoning or not rezoning may not be attacked in an appeal under R. C. Chapter 2506, but may be directly attacked in a declaratory judgment action under R. C. Chapter 2721.[1]
Accord Hamm v. Gahanna City Council (Mar. 25, 1997), Franklin App. No. 96APE07-886, unreported; Dillon v. Dover Twp. Bd. Of ZoningAppeals (June 5, 1997), Union App. No. 14-97-2, unreported;Wolters v. Greenville Twp. Trustees (July 24, 1992) Drake App. No. 1296, unreported; Mosher v. Harris (July 20, 1992), Montgomery App. No. 12834, unreported.
Terry insists that Strongsville City Council's actions regarding rezoning were quasi-judicial in nature. Terry relies on the Sixth Appellate District's opinion in Talbut v. Perrysburg (1991), 72 Ohio App.3d 475. In Talbut, the court found that the action by Perrysburg City Council in denying Talbut's application for a conditional use permit was quasi-judicial function and, therefore, the court of common pleas had jurisdiction over an administrative appeal pursuant to R.C. 2506.01. The court noted that the city council, using standards delineated in the ordinances relevant to a consideration of the issuance of conditional use permits, exercised its discretion in interpreting those ordinances. Id. at 479.
As the Supreme Court of Ohio noted in State ex rel. Crossman Communities of Ohio, Inc. v. Greene Cty. Bd. Of Elections (1999),87 Ohio St.3d 132, 137:
 "The test for determining whether the action of a legislative body is legislative or administrative is whether the action taken is one enacting a law, ordinance or regulation, or executing or administering a law, ordinance or regulation already in existence." Donnelly v. Fairview Park (1968), 13 Ohio St.2d 1, 42 O.O.2d 1, 233 N.E.2d 500, paragraph two of the syllabus. Consequently, if the action creates a law, it is legislative and subject to referendum, but if the action executes or administers an existing law, the action is administrative and not referendable. See Buckeye Community Hope Found. v. Cuyahoga Falls (1998), 82 Ohio St.3d 539, 544, 697 N.E.2d 181, 185.
In the instant case, Strongsville City Council denied Terry's request to enact an ordinance amending Strongsville's zoning map. This case is distinguishable from Talbut, wherein the city council executed and administered existing zoning laws to deny an application for a use permit.
Based upon the foregoing, we find that Strongsville City Council's decision to defeat the proposed ordinance was legislative action and, therefore, not reviewable under R.C. 2506.01. Terry has failed to cite to statutory authority making Strongsville City Council amenable to legal action. As such, the trial court did not err in granting City Council's motion to dismiss.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
DIANE KARPINSKI, P.J. CONCURS. BY ORAL AGREEMENT OF THE PARTIES THIS CASE IS DECIDED BY TWO JUDGES.
LEO M. SPELLACY, JUDGE
[1] We note that Terry filed a declaratory judgment action against Strongsville City Council (Case No. 383913), which was subsequently removed to federal court. Terry's declaratory action is the appropriate method to attack City Council's legislative conduct.