OPINION
{¶ 1} Appellant Mark Perkins appeals the decision of the Knox County Court of Common Pleas, following an administrative appeal under R.C. Chapter 2506. The appellees are the City of Mount Vernon, Ohio, and the Mount Vernon Civil Service Commission.
 {¶ 2} In June 2006, the position of Mount Vernon Police Chief became vacant. A civil service test for the position was thereupon scheduled by Appellee Mount Vernon Civil Service Commission ("Commission") for mid-August 2006, open to the captains and sergeants of the Mount Vernon Police Department.[1] After the grading of the examinations, however, none of the captains or sergeants obtained a passing score (70% or better).
 {¶ 3} On August 23, 2006, the City requested that the Commission retest for the police chief position, this time opening the test to corporals and above. On August 31, 2006, the Commission voted unanimously to make corporals eligible to take the police chief test. A notice to that effect was posted, listing a test date of October 23, 2006. The notice also stated, in conformity with the commission's decision, that "[c]orporals who receive a passing grade will only be eligible for promotion to this position if no sergeants or the captain obtain a passing grade."
 {¶ 4} Appellant, a corporal, decided to take the October 23, 2006 examination. *Page 3 
 {¶ 5} Upon completion of the test, the results were calculated as follows:
TBTABLE NAME RANK RAW SCORES SCORES W/SENIORITY Mark Perkins Corporal 91 96.82 Roger Monroe Corporal 85 93.5 Michael Merrilees Captain 85 93.5 Jeffrey Jacobs Sergeant 80 88.0 George Hartz II Sergeant 78 84.8 Troy Glazier Sergeant 72 79.2 TB/TABLE
 {¶ 6} Appellant thus had the highest final score, 96.82. Nonetheless, the Commission certified Captain Michael Merrilees, who had obtained a final score of 93.5. On November 13, 2006, the City of Mount Vernon appointed Merrilees as police chief.
 {¶ 7} Appellant filed a Chapter 2506 administrative appeal to the Knox County Court of Common Pleas on November 21, 2006.
 {¶ 8} On October 10, 2007, the trial court issued a judgment entry dismissing appellant's administrative appeal and affirming the Commission's certification of Captain Merrilees as chief of police.
 {¶ 9} On November 5, 2007, appellant filed a notice of appeal to this Court. He herein raises the following two Assignments of Error:
 {¶ 10} "I. THE KNOX COUNTY COMMON PLEAS COURT ERRED TO THE PREJUDICE OF THE APPELLANT IN FINDING THAT THERE WAS AN ALREADY EXISTING ELIGIBILITY LIST AT THE TIME THE APPELLEES CONDUCTED A PROMOTIONAL EXAMINATION FOR THE POSITION OF POLICE CHIEF. THE COMMON PLEAS COURT THEN RELIED UPON ITS ERRONEOUS FINDING TO DISMISS THE APPEAL.
 {¶ 11} "II. THE KNOX COUNTY COMMON PLEAS COURT ERRED TO THE PREJUDICE OF THE APPELLANT WHEN IT FAILED TO RENDER A DECISION *Page 4 
FINDING THAT APPELLANT WAS ENTITLED TO THE POSITION OF POLICE CHIEF AFTER CORRECTLY INTERPRETING R.C. § 124.44."
 {¶ 12} Appellees herein raise the following two Cross-Assignments of Error:
 {¶ 13} "I. THE COMMON PLEAS COURT ERRED IN ITS EXERCISE OF ADMINISTRATIVE APPELLATE JURISDICTION IN THIS CASE UNDER R.C. CHAPTER 2506.
 {¶ 14} "II. THE COMMON PLEAS COURT ERRED TO THE EXTENT IT FAILED TO PROPERLY RECOGNIZE THE AUTHORITY OF THE MOUNT VERNON MUNICIPAL CIVIL SERVICE COMMISSION TO CONDUCT A PROMOTIONAL EXAMINATION, CREATING THEREFROM, A PROMOTIONAL LIST AND COMPETITIVE LIST FOR ITS CONSIDERATION."
 {¶ 15} We will address appellees' Cross-Assignments of Error first.
 Cross-Assignments of Error I. {¶ 16} In their First Cross-Assignment of Error, Appellees City of Mount Vernon and the Mount Vernon Civil Service Commission urge affirmance by challenging the trial court's jurisdiction to hear appellant's administrative appeal under R.C. Chapter 2506.[2]
 {¶ 17} R.C. 2506.01(A) states as follows: "Except as otherwise provided in sections 2506.05 to 2506.08 of the Revised Code, and except as modified by this section and sections 2506.02 to 2506.04 of the Revised Code, every final order, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, *Page 5 
department, or other division of any political subdivision of the state may be reviewed by the court of common pleas of the county in which the principal office of the political subdivision is located as provided in Chapter 2505. of the Revised Code."
 {¶ 18} However, in State ex rel. McArthur v. DeSouza (1992),65 Ohio St.3d 25, 1992-Ohio-18, the Ohio Supreme Court concluded that a Patrolman's protest to a certification by the Elyria Civil Service Commission of a police promotional "eligible" list was not appealable to the common pleas court under R.C. 2506.01, and that the proper remedy for the patrol officer's challenge to another officer's promotion was an action in quo warranto. In reaching its holding, the Supreme Court reiterated that the powers of review by common pleas courts of proceedings of administrative officers and agencies are limited to review of quasi-judicial proceedings only. McArthur at 27, citingFortner v. Thomas (1970), 22 Ohio St.2d 13, 51 O.O.2d 35,257 N.E.2d 371.
 {¶ 19} Similarly, in Levinsky v. Boardman Township Civil ServiceCommission, Mahoning App. No. 04 MA 36, 2004-Ohio-5931, the Seventh District Court of Appeals addressed a trial court's dismissal of an administrative appeal by a police sergeant who was passed over for promotion to lieutenant following a competitive promotional exam. The Court first explained that in order for an administrative act to be appealable under R.C. 2506.01, it must be the product of a quasi-judicial proceeding. Id. at ¶ 21. The Court thereupon held: "The Commission's decision of who to hire as police lieutenant was not the product of a quasi-judicial proceeding. It was the result of a civil service examination and other factors that the Commission considered. And while there was notice of the Commission's decision, there was no hearing or opportunity for Levinsky to present evidence before the Commission to help the Commission reach its decision *Page 6 
of who to promote. Therefore, an appeal under R.C. 2506.01 would not be proper." Id. at ¶ 22.
 {¶ 20} Thus, in the case sub judice, it is incumbent that we consider the nature of the Mount Vernon Civil Service Commission examination/certification procedure. We have previously recognized that administrative proceedings are quasi-judicial "where there is notice, hearing, and an opportunity to introduce evidence." See Richards v.Kazleman (May 31, 1994), Stark App. No. CA-9544, citing State ex rel.Republic Steel Corp. v. Ohio Civil Rights Commission (1975),44 Ohio St.2d 178. Furthermore, "[t]o be considered a quasi-judicial proceeding, the proceeding must resemble a court proceeding in that an exercise of discretion is employed in adjudicating the rights and duties of parties with conflicting interests." Thomas v. Beavercreek (1995),105 Ohio App.3d 350, 663 N.E.2d 1333, citing Talbut v. Perrysburg (1991),72 Ohio App.3d 475, 478, 594 N.E.2d 1046, 1047-1048,
 {¶ 21} Rule V, Sec. 12 of the Commission's regulations states as follows:
 {¶ 22} "Any competitor shall have the right at any time within the period of fifteen (15) days after receiving his notice of examination grade to review his own papers and inform himself as to the markings given him on each subject in question and to submit in writing for the Municipal Civil Service Commission consideration, any objection or protest he may wish to make concerning the grades given him. No objection or protest concerning an exam, not submitted in writing, shall be considered unless it relates to the conduct of the examiners, the securing of unlawful assistance by a competitor or such other circumstances in connection with an exam as would call for an investigation of the Examiner, and which would require that information submitted be given in confidence. *Page 7 
An applicant who exercises the right to inspect his exam papers shall not be permitted to again take an exam for the same classification within a six month period following the inspection unless an alternate form of exam is given. * * *"
 {¶ 23} Upon review of the aforesaid, we find as a matter of law that the promotional process at issue was not a quasi-judicial administrative procedure. Appellant urges in his response to the cross-assignments that the Commission meeting of August 31, 2006, which resulted in the passing of the motion to retest with the inclusion of corporals, was a public meeting which meets the "quasi-judicial" threshold. However, this meeting was held prior to the October 23, 2006 examination and obviously would not have involved any discussion of the subsequent actual test results.
 {¶ 24} Accordingly, the Commission's certification of the promotional eligibility list was not appealable to the common pleas court under R.C. 2506.01. Appellees' First Cross-Assignment of Error is well-taken, and we affirm on those grounds the trial court's decision to dismiss appellant's administrative appeal.
 II. {¶ 25} In their Second Cross-Assignment of Error, appellees urge affirmance by challenging the trial court's failure to recognize the Commission's authority to hold a promotional examination and to create therefrom a competitive list and promotional list.
 {¶ 26} We find this cross-assignment moot in light of our above holding.
 Appellant's Direct Appeal I., II. {¶ 27} In his First Assignment of Error, appellant challenges the trial court's finding that an eligibility list existed at the time of the examination. In his Second *Page 8 
Assignment of Error, appellant contends the trial court erred in failing to find appellant entitled to the position of police chief.
 {¶ 28} These assigned errors are found moot based on our disposition of the First Cross-Assignment of Error, in which we concluded the trial court lacked jurisdiction to proceed under R.C. Chapter 2506. Cf.Niskanen v. Giant Eagle, Inc., Summit App. No. 23445, 2008-Ohio-1385, ¶ 36, citing App. R. 12(A)(1)(c).
 {¶ 29} We therefore decline to further address appellant's First and Second Assignments of Error.
 {¶ 30} For the foregoing reasons, the judgment of the Court of Common Pleas, Knox County, Ohio, is hereby affirmed.
 Wise, P. J., Edwards, J., and Delaney, J., concur. *Page 9 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Knox County, Ohio, is affirmed.
Costs assessed to Appellant/Cross-Appellee.
[1] In the Mount Vernon Police Department, the first rank below police chief is the rank of captain. Judgment Entry at 7.
[2] Appellees herein have correctly postured their arguments as cross-assignments of error, which are appropriate "if the party seeking affirmance does so based upon reasoning that is different from, and even inconsistent with, the reasoning of the trial court." See Bustinduy v.Bustinduy (Dec. 18, 1998), Champaign App. No. 98-CA-21. *Page 1