OPINION
This is an appeal from the Lake County Court of Common Pleas. Appellant, Wappvo, appeals the trial court's judgment entry affirming the decision of the City of Wickliffe Board of Zoning Appeals ("BZA").
Appellant is an Ohio Partnership which owns the land and building located at 29553 Euclid Avenue, Wickliffe, Ohio. In 1974, appellant leased the property to Ponderosa Systems, Inc. ("Ponderosa") for a period of twenty years, which was used as a restaurant. In 1984, Ponderosa closed the restaurant but continued to pay rent until its lease expiration in 1994. At the end of the lease, appellant filed a lawsuit against Ponderosa for breach of contract on the basis that Ponderosa failed to maintain the interior and exterior of the building. Appellant did not make corrections to the building after the end of the lease.
On March 27, 1996, appellee, the city of Wickliffe, sent appellant a letter listing numerous problems with the property and informing it that it was in violation of Wickliffe Municipal Code section 1156et seq. for failing to provide adequate maintenance. The letter further stated that the building had been a disgrace to the community for over thirteen years and made a negative influence on the neighborhood. In that letter, appellee warned that a failure to correct the listed problems would result in the city filing a legal action to demolish the building. Appellant appealed the statements in the letter to the BZA and corrected many of the enumerated problems.
On April 23, 1997, the city of Wickliffe building commissioner issued to appellant a thirty day notice to abate the abandoned condition of the property in accordance with Wickliffe Municipal Code section 1160.03 ("Section 1160.03"). Pursuant to Section 1160.03, abatement can be accomplished by resuming the abandoned use of the building, by adopting and using the building for another purpose permitted under the zoning code, or by razing it. Appellant appealed the decision of the building commissioner to the BZA; however, the BZA affirmed the commissioner's decision.
On July 18, 1997, appellant timely appealed the decision of the BZA to the Lake County Court of Common Pleas. On March 9, 1998, the trial court held a hearing on appellant's claim in accordance with R.C. 2506.03. In a judgment entry dated April 6, 1998, the trial court affirmed the decision of the BZA. In that entry, the trial court expressly noted that appellant argued that it had not abandoned the property pursuant to Wickliffe Municipal Code section 1160.01 and .02 ("Section 1160"). Appellant further contended that Section 1160 was unconstitutionally vague and that the demolition of its building would destroy the evidence necessary in its breach of contract action against Ponderosa. The court also stated that appellant did not raise the issue of whether appellee's action constituted a taking of its property without due process.
The record reflected that the evidence showed that the building was structurally sound, but in a poor state of repair. The building was considered to be in a poor state of repair because: (1) it had not been used for a lengthy period of time as indicated by the weathered boarded up windows and doors, (2) most gutters and down spouts had collapsed or were missing, (3) the front porch was badly deteriorated, (4) most of the paint on the wooden trim had blistered off, (5) the parking lot needed substantial repairs before the property could be used for business, and (6) there was no evidence that it had electrical service.
The trial court further stated that appellant: (1) removed debris, weeds, and overgrown plants in June 1996; (2) conducted basic landscape service since June 1996; (3) paid its natural gas bill; (4) paid real estate taxes; and (5) stored personal property consisting of restaurant equipment such as stoves, ovens, cooler, tables, and the like. However, the court expressly noted that those facts did not indicate that the building was occupied and used.
On May 1, 1998, appellant timely filed this appeal, and now asserts the following assignments of error:
 "[1.] The trial court's affirmance was in error in that it was against the manifest weight of the evidence.
 "[2.] The ordinance was unconstitutional and/or applied selectively against this appellant."
In order to present a more orderly discussion, appellant's assignments of error will be addressed in reverse order. Thus, appellant's second assignment of error will be discussed first.
In the second assignment of error, appellant argues that Section 1160 is unconstitutional because it provides for the taking of private property without remuneration, in violation of its constitutional right to due process. Appellant further claims that Section 1160 is unconstitutionally vague because the ordinance fails to provide a definitive basis upon which a building is deemed "abandoned."
The record demonstrates that appellant failed to argue its due process claim before the trial court. Consequently, this issue is raised for the first time on appeal. In State v. Awan (1986),22 Ohio St.3d 120, paragraph one of the syllabus, the Supreme Court of Ohio held:
 "Failure to raise at the trial court level the issue of the constitutionality of a statute [or ordinance] or its application, which issue is apparent at the time of trial, constitutes a waiver of such issue and a deviation from this state's orderly procedure, and therefore need not be heard for the first time on appeal."
The Ohio Supreme Court also has stated that "errors which arise during the course of a trial, which are not brought to the attention of the court by objection or otherwise, are waived and may not be raised upon appeal." Stores Realty Co. v. Cleveland, Bd. ofBldg. Standards and Bldg. Appeals (1975), 41 Ohio St.2d 41,43.
Under the holdings of Awan and Stores Realty, appellant has waived this issue for appeal. However, in the interests of justice, we will succinctly address the merits of appellant's specific claim, but without engaging in a comprehensive constitutional analysis of the ordinance.
Appellant supports his first claim by arguing that pursuant to the holding in Kiser v. The Bd. of Cty. Commrs. of Logan Cty.
(1911), 85 Ohio St. 129, any statute or ordinance purporting to take private property is unconstitutional unless there is a provision included which authorizes or mandates compensation for such taking. In reviewing the actual holding in Kiser, it is clear that appellant incorrectly interprets the point of law articulated in that case.
The pertinent language of the statute at issue in Kiser states that when an owner's property is deemed abandoned, "the commissioner [government] may, under this act, without bargain or compensation," take such land as being "against the public health, convenience and welfare." 85 Ohio St. at 131-132. In Kiser, the court held that a statute authorizing the taking of private property is unconstitutional when that statute expressly denies the owner any compensation. Id. at syllabus, 131-132.
In our case, the Wickliffe ordinance is devoid of any language stating that private land may be taken without just compensation. Rather, the ordinance merely indicates that abandoned private property may be taken for purposes of "public safety, convenience, [and] comfort." Contrary to appellant's contention, Kiser does not require an ordinance permitting the taking of private property to expressly state that compensation must be awarded. Instead,Kiser merely states that an ordinance is unconstitutional if it contains language stating that the government may take private property without compensating the owner. Therefore, appellant's first claim is not well-taken.
Unlike its first claim, appellant's second claim was raised before the trial court and is, therefore, not waived. In order to prove that a statute or ordinance is unconstitutionally vague, the challenging party "must show that upon examining the statute [or ordinance], an individual of ordinary intelligence would not understand what he is required to do under the law." State v.Anderson (1991), 57 Ohio St.3d 168, 171. Indeed, the challenger "must prove, beyond a reasonable doubt, that the statute was so unclear that he could not reasonably understand that it prohibited the acts in which he engaged." Id.
Wickliffe Municipal Code section 1160.01(a) defines abandoned as, "the failure to occupy and use a building for at least three consecutive months in any nine month period." Moreover, "use" is defined in Section 1345.35(a) as: "any purpose for which buildings, other structures or land may be arranged, designed, intended, maintained or occupied; or any occupation, business, activity or operation carried on in a building or other structure or on land."
The definition of "abandoned" contained in Section 1160.01(a), coupled with the definition of "use," as stated in Section 1345.35(a), provides a sufficiently clear statement of when a building is deemed "abandoned." Applying the analysis set forth in Anderson, appellant's vagueness argument must fail because a person of ordinary intelligence would be able to reasonably understand that his or her property would be considered "abandoned" if it was not used for three consecutive months in any nine month period. Therefore, appellant's second claim is meritless. Accordingly, appellant's second assignment of error is without merit.
In the first assignment of error, appellant avers that the trial court's holding was against the manifest weight of the evidence because the evidence demonstrates that there was no abandonment of the property, as defined under Section 1160.01. Appellant further contends that Section 1160 fails to define the term "use" as expressed in Section 1160.01. Rather, appellant claims that the term is defined only in Section 1345.35.
Section 1160.01 and .02 defines the term "abandoned" and provides a list of prohibited conditions:
"1160.01 DEFINITIONS.
"As used in this chapter:
 "(a) `Abandoned' means the failure to occupy and use a building for at least three consecutive months in any nine month period.
 "(b) `Building' means a structure which is permanently affixed to the land, having one or more floors and a roof, being bound by either open spaces or lot lines, and used as a shelter or enclosure for persons, animals and/or property. * * *
"1160.02 PROHIBITED CONDITIONS.
 "If any building within the City becomes abandoned, such building shall be presumed to be a nuisance affecting or endangering surrounding property values and to be detrimental to the public health, safety, convenience, comfort and property or the general welfare of the community and shall be abated. * * *"
Again, the definition of the term "use", as utilized in Section 1160.01(a), is not defined later in that section, but is defined in Section 1345.35 as:
 "(a) `Use' means any purpose for which buildings, other structures or land may be arranged, designed, intended, maintained or occupied; or any occupation, business, activity or operation carried on in a building or other structure or on land."
Contrary to appellant's contentions, the "manifest weight" standard articulated in C.E. Morris Co. v. Foley ConstructionCo. (1978), 54 Ohio St.2d 279, is not the appropriate standard of review to be used in determining whether the trial court erred in its judgment in this matter. Instead, since this case concerns the decision of a zoning board of appeals, which was appealed by appellant to the trial court, the provisions of R.C. Chapter 2506 and the case law interpreting those provisions is applicable to the instant appeal. R.C. 2506.04 sets forth the standard a court must apply in reviewing the "order, adjudication, or decision" of a zoning board of appeals. See, also, R.C. 2506.01
(which indicates that a zoning board of appeals is governed by R.C. Chapter 2506).
In Kisil v. Sandusky (1984), 12 Ohio St.3d 30, 34, the Ohio Supreme Court held that an appeal, pursuant to R.C. 2506.04, to the court of appeals "requires that court to affirm the common pleas court, unless the court of appeals finds, as a matter of law, that the decision of the common pleas court is not supported by a preponderance of reliable, probative and substantialevidence." (Emphasis added.)
The court, in the case of Community Concerned Citizens, Inc. v.Union Twp. Bd. of Zoning Appeals (1993), 66 Ohio St.3d 452, 456, wrote:
 "[A] court is bound by the nature of administrative proceedings to presume that the decision of the administrative agency is reasonable and valid. * * * Courts evaluating the decision of an administrative body must weigh the evidence in the record in order to determine whether there is a preponderance of reliable, probative, and substantial evidence supporting the decision. R.C. 2506.04 * * *. However, a reviewing court should not substitute its for that of the agency. * * *" (Emphasis added.)
The cases of Kisil and Concerned Citizens require that we affirm the decision of the trial court, unless that decision was not supported by a preponderance of reliable, probative, and substantial evidence, which is the applicable standard of review to be applied by the trial court. Additionally, we must analyze the decision of the zoning board of appeals with a presumption that such decision was reasonable and valid. Concerned Citizens, 66 Ohio St.3d at 456.
In the case sub judice, the trial court determined that appellant removed debris, weeds, and overgrown plants in June 1996; conducted basic landscape service since June 1996; paid its natural gas bill; paid real estate taxes; and stored personal property consisting of restaurant equipment such as stoves, ovens, cooler, tables. The record further shows that appellant had filed a lawsuit against its prior lessee for failing to leave the premises in its optimal condition. Based on those facts alone, it is clear that appellant has maintained its interest in the property.
In addition, this court concludes that the definition of "use," pursuant to Section 1345.35, permits a building to be considered as being "used" when it is held as an investment or as a storage facility and need not be occupied by individuals. Indeed, many individuals and corporations purchase property solely on the basis that such property is believed to appreciate. Thus, an investment purchase of real property is a purpose for which buildings or land are "intended, maintained or occupied," as is the use of property as a storage facility. Importantly, the court determined that restaurant equipment was being housed in appellant's commercial property. Accordingly, the trial court's determination that appellant had abandoned its property was not supported by a preponderance of reliable, probative, and substantial evidence supporting that decision. Therefore, appellant's first assignment of error is with merit.
For the foregoing reasons, the judgment of the Lake County Court of Common Pleas is reversed, and judgment is entered for appellant.
 __________________________________________ PRESIDING JUDGE DONALD R. FORD
CHRISTLEY, J., NADER, J., concur.