OPINION
This is an appeal from the Portage County Court of Common Pleas. Appellant/ cross-appellee, Christine Bognar ("appellant"), appeals from a judgment entry granting appellees/cross-appellants, Matthew and Lorrie Benner's ("Benners"), motion for new trial, for relief from judgment and/or reconsideration. Appellant also appeals the denial of her appeal, the affirmance of appellees, the Mantua Township Board of Zoning Appeals ("Board") and Mantua Township's decision to approve two area variances, and the trial court's decision to vacate its December 19, 1997 judgment entry. The Benners cross appeal the trial court's December 19, 1997 entry reversing the Board's decision to grant their variances.
In November 1985, the Benners purchased five acres of land in Mantua Township in an area zoned R-3 residential by the Mantua Township Zoning Resolution. An R-3 district permits multi-family dwelling units. In 1987, they constructed a duplex and resided there for about ten years, while renting the other unit. In January 1997, prior to hiring a contractor, Mr. Benner presented his plans to construct an additional dwelling unit on the premises to the Mantua Township Zoning Inspector, the Portage County Building Department, and the Health Department for approval. He received a "preliminary approval." He applied for a zoning permit for the construction of the additional dwelling, which was to be connected with their existing duplex by use of a "common wall." The zoning inspector issued the permit on January 29, 1997, which classified the structure as construction for a "new house."
Subsequently, on March 18, 1997, the Benners received a building permit and began construction. Appellant, a neighboring property owner, discovered that the permit was issued in error, as the Mantua Township Zoning Resolution sections 412-4.B.3 and 412-4.C.3 require two hundred feet of frontage at the street and at the building setback. The Benners' land only had 157.35 feet of frontage at the street and about the same footage at the setback line. Appellant, through her attorney, informed the zoning inspector of the problem, and as a result, he issued a stop work order. The Benners ceased construction about one week after receiving the stop work order. At this point, they had completed the construction of the basement, floor joists, footer drains and drain tiles.
On April 25, 1997, the Benners filed a second application for a zoning certificate with the zoning inspector for the construction of a "new house/addition." This request was denied because their lot had insufficient road frontage and width for a multi-family dwelling. On that same day, the Benners applied to the Board for variances of approximately forty-three feet from the road frontage and lot width requirements. On the application, they classified the proposed structure as an "attached addition to the duplex." They also indicated that they were requesting the forty-three feet variances because the "attached addition" required two hundred feet of frontage. The Board held a public hearing on May 12, 1997, and notified the interested parties pursuant to the zoning code requirements.
At that hearing, the Benners' attorney stated that his clients were not seeking a "use variance," but were requesting area variances due to "practical difficulties." About twelve witnesses testified at the hearing, most of who were not opposed to the variances. Appellant stated that she opposed the construction because the Benners started construction before filing the variance application, and that the multi-family use caused her concern about property values. After listening to the testimony, considering all of the evidence and weighing the factors of the "practical difficulties" test, the Board unanimously granted the requested variances. On June 2, 1997, in accordance with the Board's decision, the zoning inspector issued the Benners' zoning permit.[1]
On June 9, 1997, appellant filed a notice of appeal with the Portage County Court of Common Pleas appealing the decision of the Mantua Township zoning inspector as to the issuance of the zoning permit for the construction of the structure, and with respect to the Board's subsequent approval of the Benners' request for variances. On that same date, appellant filed a motion to stay the granting of the variances pending a final decision on appeal, which the judge granted. The Benners moved to vacate the stay order, which was granted on June 24, 1997. However, the trial court warned the Benners that any continued construction would be at their own risk. Despite this warning, the Benners continued construction on their land to protect their investment.
On July 17, 1997, the transcript of the Board's proceedings was filed with the trial court, which included, among other items: (1) the Benners' April 25, 1997 application for a zoning certificate, which was rejected; (2) the application for a zoning variance or conditional zoning permit; (3) a special notice of the May 12, 1997 meeting; (4) an attendance sheet from that meeting; (5) the minutes from that meeting; and (6) the conclusions of fact. Subsequently, on August 5, 1997, appellant moved to compel the Board to file a complete transcript of proceedings in lieu of the minutes, which did not contain a verbatim account of the evidence before the Board. In a judgment entry dated September 5, 1997, the trial court overruled appellant's motion to compel, stating that it was not filed timely pursuant to R.18 of the Local Rules of Portage County, which requires a motion to be filed within ten days after the record is filed.
Thereafter, all of the parties filed briefs pertaining to this matter with the trial court. Appellant's brief to the trial court raised two issues: (1) whether the Board erred in granting the variances, and (2) whether the Board erred in classifying the Benners' use as a multi-family use. In its December 19, 1997 judgment entry, the trial court ruled that the Board correctly granted the Benners' application for variances. However, the Board's determination that the proposed structure was "an addition to an existing residence was unlawful and unreasonable and not supported by the preponderance of substantial, reliable, and probative evidence on the whole record. Rather, it [was] apparent that the new structure was simply a second single-family residence on a single lot, which is unlawful * * *." Therefore, the trial court granted appellant's appeal and reversed the Board's decision to grant the variances.
On January 2, 1998, the Benners filed a "Motion for a New Trial, Motion for Relief from Judgment and/or Reconsideration with Request for [a] Hearing and Additional Evidence." The Board supported this motion. Thereafter, on March 23, 1998, an evidential hearing was held. At the hearing, the Director of the Portage County Building Department testified that he issued the building permit for the Benners' new structure because the plans met the criteria for multi-family dwellings per the Portage County Building Code. However, when asked if building departments address issues of township zoning, he stated that they did not address such issues.
The Mantua Township Zoning Inspector also testified and explained that at the time the Benners applied for the permit, he was not the inspector. Further, he indicated that in his opinion, the structure met the Mantua Township Zoning Resolution criteria for a multi-family dwelling. He mentioned that he had seen similar three-family structures in Mantua Township. He added that the issuance of the permit and the completion of the application were never appealed to the Board, nor was the June permit ever withdrawn or revoked.
Randall Archer ("Archer"), a member of the Board, testified that appellant's attorney brought up the issue about the new structure not being a multi-family structure at the hearing. However, according to Archer, the Board did not address the issue, as it was not part of the application that was before them. Following Archer's testimony, Mr. Benner stated that he obtained several opinions and they all agreed that the additional structure qualified as a multi-family dwelling.
In a judgment entry dated April 21, 1998, the trial court stated that its prior reversal of the Board's decision was in error since "the matter was not appealed by any party," and thus, "it was not within the purview of [its] jurisdiction." Accordingly, the lower court granted the Benners' "Motion for a New Trial, Motion for Relief from Judgment and/or Reconsideration." Furthermore, the trial court denied appellant's appeal, affirmed the Board's decision to grant the area variances, and vacated the December 19, 1997 judgment entry "to the extent that it [was] inconsistent with [the April 21, 1998 entry]."
From the judgment entry dated April 21, 1998, appellant timely raised the following assignments of error:
 "[1.] The lower court erred in reversing its earlier decision and then holding that it did not have jurisdiction to review the issues raised by appellant before the administrative board and on appeal, granting Appellees' Motion for New Trial, for Relief from Judgment and for Reconsideration, and reviewing evidence not in the administrative record.
 "[2.] The lower court erred in affirming the [Board's] decision to grant the requested variances because the Benners failed to present reliable and probative evidence to meet the requisite standard of practical difficulties, and as a result the lower court's decision was arbitrary, capricious, unreasonable and totally unsupported by the preponderance of reliable and probative evidence."
The Benners raised the following cross-assignments of error:
 "[1.] The lower court, in its decision of December 19, 1997, abused its discretion by substituting its judgment for the judgment of the Portage County Building Department, the Mantua Township Zoning Inspector and the Mantua Township Board of Zoning Appeals relative to the definition of the multi-family dwelling and that judgment or its interpretation is contrary to the fact and law of the case.
 "[2.] The judgment of the lower court [of December 19, 1997] that appellees['] dwellings are not multi-family dwelling[s] is contrary to law.
 "[3.] The issue of whether or not appellees' plans constituted multi-family dwelling units was not within the purview of the trial court[']s jurisdiction.
 "[4.] Appellant did not file her appeal from the decision of the Mantua Township Board of Zoning Appeals with the Mantua Township depriving the trial court of jurisdiction to entertain or decide her appeal."
This matter presents us with a jurisdictional question. It appears from the record before us that a separate notice of appeal, as to the Board's June 2, 1997 ruling, was not directly filed with the Board as required by R.C. 2505.04. A filing with the clerk of the common pleas court requesting that a notice be served on the Board does not satisfy R.C. 2505.04.Trickett v. Randolph Twp. Bd. of Zoning Appeals (Aug. 18, 1995), Portage App. No. 94-P-0007, unreported, at 9-10. Although this matter would be subject to dismissal because the notice of appeal was not properly filed with the Board, counsel for appellant intended for this notice of appeal to be filed and claims that this was done. We are mindful that we are governed by the state of the record, and not averments as to what the record should be. Nevertheless, in the interest of justice, we will address the merits of the arguments contained in the assignments of error.
In her first assignment of error, appellant asserts that the trial court erred in reversing its December 19, 1997 decision, and holding that it was without jurisdiction to review certain issues she argues she raised before the administrative board on appeal. Appellant maintains that the trial court erred in granting the Benners' motion for new trial, for relief from judgment and/or reconsideration, and for reviewing evidence not in the administrative record. Further, appellant argues that in an administrative appeal, the court of common pleas has jurisdiction to consider issues that a neighboring property owner presented at the variance hearing.
Initially, we note that in an administrative appeal, the court of common pleas functions primarily as an appellate court in reviewing administrative proceedings. Further, there is a presumption that a board's determination is valid, and the burden of showing the invalidity rests on the contesting party. C.Miller Chevrolet, Inc. v. Willoughby Hills (1974), 38 Ohio St.2d 298, paragraph one of the syllabus.
Specifically, R.C. 2506.04 governs administrative appeals from local boards and allows an aggrieved party to appeal such an administrative agency's decision to the common pleas court. R.C.2506.04 provides that:
 "The court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. * * *"
Thus, the court of common pleas' standard of review in this type of an administrative appeal is whether the decision of the administrative agency is supported by a preponderance of reliable, probative, and substantial evidence in the record to support the administrative agency's decision. Kisil v. Sandusky (1984),12 Ohio St.3d 30, 34; Dudukovich v. Lorain Metro. Hous. Auth. (1979),58 Ohio St.2d 202, 207. The trial court must give due deference to an administrative agency's resolution of evidential conflicts and may not substitute its judgment for that of the administrative agency. Sea Lakes, Inc. v. Lipstreau (Sept. 30, 1991), Portage App. No. 90-P-2254, unreported, at 7. Furthermore, the trial court is "bound by the nature of administrative proceedings to presume that the decision of the administrative agency is reasonable and valid." Community Concerned Citizens, Inc. v. UnionTwp. Bd. of Zoning Appeals (1993), 66 Ohio St.3d 452, 456.
An appeal to this court is more limited in scope. As an appellate court, our review is restricted to determining whether, as a matter of law, the decision of the trial court is supported "by a preponderance of reliable, probative and substantial evidence." Rydbom v. Palmyra Twp. Bd. of Zoning Appeals (June 26, 1998), Portage App. No. 97-P-0086, unreported, at 4. We do not have the authority to weigh the preponderance of reliable, probative and substantial evidence as is granted to the trial court. Here, we must decide whether the trial court committed an error of law in affirming the Board's decision to grant the area variances.
R.C. 519.14 sets forth the authority of a township board of zoning appeals. A board of zoning appeals has authority to consider on appeal only whether a zoning certificate for a permitted use is proper. R.C. 519.14.
In the case at bar, at the May 2, 1997 hearing, appellant raised the question of whether the proposed addition was a permitted used under the zoning code. However, the Board chairman indicated that the discussion was to be limited to the variance issue because the only matter properly before them was the Benners' variance application. The issue of whether the proposed use was permitted under the zoning code was not included in the discussion relative to the variances. Further, the question of whether the proposed use was permitted was an issue to be decided by the zoning inspector. See R.C. 519.16. Here, the zoning inspector issued the Benners a permit for a multi-family use. He only issued a stop work order, when he realized that the road frontage and lot width requirements were not met. Once the Benners applied for the variances and they were granted, the zoning inspector issued another permit for the multi-family use. Appellant did not appeal the issuance of this permit to the Board or to the lower court. Thus, the question of whether the permit should have been issued again was never properly before the Board or the trial court.
Specifically, the record is clear that appellant did not properly appeal the granting of the second building permit by the zoning inspector to the Board as to whether the structure was for a multi-family use or single-family use. Since that issue was not properly before the Board, it also was not properly before the trial court. Therefore, the lower court was correct in its determination that it did not have jurisdiction to review that matter in the appeal before it.
Appellant also argues that the trial court erred in granting the Benners' "Motion for a New Trial, Motion for Relief from Judgment and/or Reconsideration," and in allowing them to submit new evidence. More specifically, appellant asserts that the Benners were unable to meet the elements of R.C. 2506.03 to present additional testimony and evidence not presented at the hearing. Appellant's contention is correct, as the lower did not have a statutory basis to allow introduction of additional evidence. However, the same conclusion would have properly resulted based on the evidence initially in the record before the lower court. Hence, although the trial court erred in allowing the introduction of new evidence, we conclude that any error that resulted was harmless because it reached the correct decision, which was supported by the record before it as transmitted by the Board.
Appellant also raises the issue that the Benners' "Motion for a New Trial, Motion for Relief from Judgment and/or Reconsideration," was inappropriate in an administrative appeal and should not have been granted. In essence, this motion was treated by the trial court as a motion for reconsideration. As previously stated, in an administrative appeal, the trial court functions as an appellate court. Thus, the appellate rules apply when they are relevant and not in conflict with Chapter 2505 of the Revised Code. Miller v. STS. Peter and Paul School. (Mar. 20, 1998), Trumbull App. No. 97-T-0023, unreported, at 5. Therefore, the trial court could properly consider a motion to reconsider its decision if it was timely filed pursuant to App.R. 26(A).Id.
In the present case, the trial court announced its decision granting appellant's appeal on December 19, 1997. The Benners filed their motion to reconsider on January 2, 1998. This motion was filed more than ten days after the trial court announced its decision, and thus, was not timely.[2] The trial court's December 19, 1997 decision was, in part, made in error, regarding the extent of jurisdiction it had with respect to the appeal from the Board. Although that aspect of the Benner's motion treated as a motion to reconsider was untimely, there was nothing improper about it serving as a predicate for the trial court to examine or reexamine its jurisdiction on a given issue since the question of jurisdiction may be raised at any time in the proceedings.In re Nelson (Mar. 29, 1996), Geauga App. No. 95-G-1918, unreported, at 6-7. This is particularly true where the trial court's jurisdiction in an administrative appeal has not been frozen by a subsequent appeal to an appellate court. Accordingly, the trial court did not err in determining that it did not have subject matter jurisdiction to review the issue of whether the type of structure in question here properly complied with the section of the zoning ordinance pertaining to multi-family use. Appellant's first assignment of error is without merit.
In her second assignment of error, appellant alleges that the trial court erred in affirming the Board's decision because it was arbitrary, capricious, unreasonable and unsupported by the preponderance of reliable and probative evidence since the Benners failed to present evidence to meet the requisite standard.
In order to obtain an area variance, the applicant must demonstrate "practical difficulties" that would arise if the variance is not granted. Kisil, 12 Ohio St.3d at syllabus. The Supreme Court has set forth a list of factors to aid in the determination of whether "practical difficulties" exist:
 "* * * (1) whether the property in question will yield a reasonable return or whether there can be any beneficial use of the property without the variance; (2) whether the variance is substantial; (3) whether the essential character of the neighborhood would be substantially altered or whether adjoining properties would suffer a substantial detriment as a result of the variance; (4) whether the variance would adversely affect the delivery of governmental services * * *; (5) whether the property owner purchased the property with knowledge of the zoning restriction; (6) whether the property owner's predicament feasibly can be obviated through some method other than a variance; (7) whether the spirit and intent behind the zoning requirement would be observed and substantial justice done by granting the variance." Duncan v. Middlefield (1986), 23 Ohio St.3d 83, 86.
In the case sub judice, the Board stated conclusions of fact in its decision, which demonstrate that it considered all of the foregoing factors before granting the area variances. The Board spent a significant amount of time enunciating each factor of the test before reaching its decision. The only factor that did not demonstrate a practical difficulty for the Benners was the first factor because they would have a beneficial use of their land regardless of whether the variance was granted. Thus, we cannot conclude that the trial court's decision was not supported by a preponderance of reliable, probative, and substantial evidence. Appellant's second assignment is not well-taken.
We now turn our attention to the remaining assignments of error presented by the Benners' cross appeal. Since we have determined that appellant's assignments of error lack merit, the Benners' assignments of error on cross appeal are moot pursuant to App.R. 12(A)(1)(c). We also observe that the Benners' assignments of error are really in the nature of cross-assignments of error, and essentially raise arguments that support the trial court's conclusion that is in favor of the Benners, which provides an additional reason that further analysis of these is unnecessary.
Accordingly, for the foregoing reasons appellant's assignments of error are without merit and the judgment of the Portage County Court of Common Pleas is affirmed.
________________________________
PRESIDING JUDGE DONALD R. FORD
CHRISTLEY, J., O'NEILL, J., concur.
[1] Appellant suggests that the Board granted the variances because Mr. Benner's brother was a member of the Board. However, Mr. Benner's brother disqualified himself and did not participate in arriving at a decision.
[2] App.R. 26(A) requires that an "[a]pplication for reconsideration of any cause or motion submitted on appeal shall be made in writing * * * within ten days after the announcement of the court's decision * * *."