OPINION
Mark and Sandra Coppess, Steven and April Coppess, and Jack and Marilyn McKnight appeal from a judgment of the Greene County Court of Common Pleas affirming a decision of the Clark County Board of County Commissioners ("the Board") requiring them to connect to a sanitary sewer system.[1] Coppess contends that the trial court erred in affirming the Board's decision because it was not supported by any evidence.
We conclude that there was reliable, probative and substantial evidence to support the Board's decision, and that the trial court did not abuse its discretion in affirming that decision. Accordingly, the judgment of the trial court is Affirmed.
 I
In 2000, the Board of County Commissioners of Clark County ("the Board") adopted Resolution No. 190B-00. The resolution ordered Coppess to connect their residence premises to a sanitary sewer line. The resolution stated in pertinent part as follows:
 WHEREAS, the Board of County Commissioners established the Clark County General Sewer District on May 27th, 1971.
 WHEREAS, the Medway/Crystal Lake Sewer Project has been constructed in this area following the procedures of Chapter 6117 of the Revised Code; and
 WHEREAS, the Board of Health of Clark County within which project is located, adopted a resolution on February 20th, 1990, stating that the reason for such sanitary sewer project is to reduce or eliminate an existing health problem or hazard of water pollution and that the Board has received a copy of said resolution from the Board of Health; * * *
 * * * NOW, THEREFORE, BE IT RESOLVED by the Board of County Commissioners, that because sewage or other waste is originating on the premises and said premises are not excluded under subsections A, B, C, and D of Section 6117.51 of the Revised Code [the appellants are required to connect to the sanitary sewer].
Coppess filed a notice of appeal with the Clark County Court of Common Pleas, pursuant to R.C. 2506.01. The Board submitted a transcript, pursuant to R.C. 2506.02. The transcript consisted of the resolution, which was submitted as the Board's findings of facts, as well as a letter from a registered engineer, and copies of minutes from meetings of the Board. Upon review of the transcript, the trial court held that the Board's findings were supported by "the preponderance of substantial, reliable, and probative evidence on the whole record." From that judgment, Coppess appeals.
 II
All of the assignments of error derive from the same basic premise. They are as follows:
 THE COMMON PLEAS COURT ERRED IN AFFIRMING APPELLEE'S FINDING THAT "THE BOARD OF COUNTY COMMISSIONERS ESTABLISHED THE CLARK COUNTY GENERAL SEWER DISTRICT ON MAY 27TH, 1971", WHEN SAID FINDING WAS SUPPORTED BY NO EVIDENCE.
 THE COMMON PLEAS COURT ERRED IN AFFIRMING APPELLEE'S FINDING THAT "THE MEDWAY/CRYSTAL LAKES SEWER PROJECT HAS BEEN CONSTRUCTED IN THIS AREA FOLLOWING THE PROCEDURES OF CHAPTER 6117 OF THE OHIO REVISED CODE", WHEN SAID FINDING WAS SUPPORTED BY NO EVIDENCE.
 THE COMMON PLEAS COURT ERRED IN AFFIRMING APPELLEE'S FINDING THAT "THE BOARD OF HEALTH OF CLARK COUNTY WITHIN WHICH [THIS] PROJECT IS LOCATED ADOPTED A RESOLUTION ON FEBRUARY 20, 1990, STATING THAT THE REASON FOR SUCH SANITARY SEWER PROJECT IS TO REDUCE OR ELIMINATE AN EXISTING HEALTH PROBLEM OR HAZARD OF WATER POLLUTION AND THAT THE BOARD HAS RECEIVED A COPY OF SAID RESOLUTION FROM THE BOARD OF HEALTH", WHEN SAID FINDING WAS SUPPORTED BY NO EVIDENCE.
 THE COMMON PLEAS COURT ERRED IN AFFIRMING APPELLEE'S FINDING THAT "SEWAGE OR OTHER WASTE IS ORIGINATING ON THE PREMISES", WHEN SAID FINDING WAS SUPPORTED BY NO EVIDENCE.
 THE COMMON PLEAS COURT ERRED IN AFFIRMING APPELLEE'S FINDING THAT SAID PREMISES ARE NOT EXCLUDED UNDER SUBSECTIONS A, B, C, AND D OF SECTION 6117.51 OF THE REVISED CODE", WHEN SAID FINDING WAS SUPPORTED BY NO EVIDENCE.
 THE COMMON PLEAS COURT ERRED IN AFFIRMING APPELLEE'S RESOLUTION NO 190B-00, WHEN THERE WAS NO EVIDENCE THAT APPELLEE HAD FULLY COMPLIED WITH THE REQUIREMENTS OF SECTION 6117.51 OF THE REVISED CODE.
Coppess contends that the trial court erred in affirming the decision of the Board because the record is devoid of any evidence to support that decision.
The standard for reviewing an action of an agency is well-established. When a court of common pleas is reviewing an agency decision, it must determine "whether there exists a preponderance of reliable, probative and substantial evidence to support" the decision. Dudukovich v. Lorain Metro. Hous. Auth. (1979), 58 Ohio St.2d 202, 207. The trial court must presume that the agency decision is "reasonable and valid." Community Concerned Citizens, Inc. v. Union Twp. Bd. of Zoning Appeals (1993),66 Ohio St.3d 452, 456, citation omitted. Accordingly, if the trial court finds that the agency's decision is supported by a preponderance of reliable, probative and substantial evidence, then the decision must be affirmed. Dudukovich, supra.
An appellate court has a more limited standard of review. When reviewing a trial court's decision regarding an agency's order, the appellate court need only determine if the trial court abused its discretion. Lorain City School Dist. Bd. of Edn. v. State Emp. Relations Bd. (1988), 40 Ohio St.3d 257, 261. The trial court abuses its discretion when its decision is unreasonable, arbitrary or unconscionable. State v. Montgomery (1991), 61 Ohio St.3d 410, 413. Therefore, we must affirm the judgment of the trial court absent an abuse of discretion.
The Board's resolution was issued in accordance with R.C. 6117.51, which provides, in pertinent part, as follows:
 If the board of health of the health district within which a new public sewer construction project is proposed or located passes a resolution stating that the reason for the project is to reduce or eliminate an existing health problem or a hazard of water pollution, the board of county commissioners of the county, by resolution, may order the owner of any premises located in a sewer district in the county, the owner's agent, lessee, or tenant, or any other occupant of the premises to connect the premises to the sewer for the purpose of discharging sewage or other waste that the board determines is originating on the premises, to make use of the connection, and to cease the discharge of the sewage or other waste into a cesspool, ditch, private sewer, privy, septic tank, semipublic disposal system as defined in division (B)(1)(a) of section 3709.085 of the Revised Code, or other outlet if the board finds that the sewer is available for use and is accessible to the premises following a determination and certification to the board by a registered professional engineer designated by it as to the availability and accessibility of the sewer. This section does not apply to any of the following:
 (A) Any discharge authorized by a permit issued under division (J) of section 6111.03 of the Revised Code other than a discharge to or from a semipublic disposal system as defined in division (B)(1)(a) of section 3709.085 of the Revised Code;
(B) Wastes resulting from the keeping of animals;
 (C) Any premises that are not served by a common sewage collection system when the foundation wall of the structure from which sewage or other waste originates is more than two hundred feet from the nearest boundary of the right of way within which the sewer is located;
 (D) Any premises that are served by a common sewage collection system when both the foundation wall of the structure from which the sewage or other waste originates and the common sewage collection system are more than two hundred feet from the nearest boundary of the right-of-way within which the public sewer is located.
Coppess contends that there is no evidence in the record to support a finding that the Board complied with the requirements of this statute. Specifically, Coppess argues that, pursuant to R.C. 6117.51, the Board was required to produce evidence establishing that: (1) the Clark County Board of Health had adopted a resolution regarding the need for the sewer; (2) the Board established a sewer district and that the sewer project was constructed in accordance with the provisions of R.C. Chapter 6117; (3) sewage or other waste was originating on the subject properties; and (4) the properties were not subject to the exclusions contained in subsections (A), (B), (C) or (D) of the statute.
We begin with the claim that the Board failed to produce any evidence that a sewer district was established, that the project was constructed in accordance with the statute, or that the local Board of Health had passed a resolution regarding the need for the project.
It is a fundamental concept in administrative law and procedure that the party asserting the affirmative of an issue bears the burden of proof. 2 Ohio Jurisprudence 3d (1998) 231, Administrative Law and Procedure, Section 92, citation omitted. In this case, the Board had the burden to show that it had established the district, that it had constructed the project in accordance with the provisions of R.C. Chapter 6117, and that the Board of Health had passed an appropriate resolution. The Board did state in its findings of fact that these requirements had been met. While there was no documentary evidence to support these findings, we note that an agency may take administrative notice of matters within its knowledge, much the same as a court may take judicial notice. 2 Ohio Jurisprudence 3d (1998) 234, Administrative Law and Procedure, Section 94. Since the establishment and construction of a sewer district would be uniquely the knowledge of the agency responsible therefor — the Board in this case — we conclude that the Board was entitled to take notice of these facts, and did not err in its finding with regard thereto. Likewise, the Board specifically stated in its findings that it had received a copy of the requisite resolution passed by the Board of Health. Therefore, the existence and receipt of the resolution was a matter within the administrative knowledge of the Board, and it did not err in taking notice of that fact.
We next address the claim that the trial court erred because the evidence did not support a finding that "sewage or other waste" was originating on the premises. It appears that Coppess would require the Board to conduct studies on every occupied residence to ensure that the residents are actually utilizing their kitchen, bathroom and laundry facilities. We believe that this misconstrues the statute. According to the record, the appellants list the subject properties as their respective residences. We find it logical to infer from the fact that a residence is occupied that sewage is being produced on the premises; when a person turns on the kitchen faucet or flushes a toilet, sewage or other waste is produced. While this inference is reasonable, it is not irrefutable. However, Coppess did not produce any evidence to the contrary. Had Coppess believed that the residences were not producing any waste, evidence to that effect could have been produced before the agency or the trial court.
We cannot say that the Board erred, given the fact that the appellants occupy the subject residences, in finding that waste originates therefrom.
Finally, we address the contention that the evidence did not support a finding that the subject premises were not excluded under the exceptions set forth in R.C. 6117.51(A), (B), (C) or (D). Coppess had the burden of proving the affirmative of the proposition that the subject properties were excluded from the connection statute. We note that Coppess does not suggest that the properties actually fall within one of the statutory exceptions. In fact, there is no evidence in the transcript to demonstrate that Coppess even attempted to contest these issues, either before the Board or in an evidentiary hearing in the trial court pursuant to R.C. 2506.03. Consequently, we cannot say that the Board erred in regard to this finding.
The record also shows that a registered engineer certified that the sewer was available and accessible to all the subject premises. There is no evidence to indicate that the properties or the appellants are not subject to the requirement that they connect to the sanitary sewer. Accordingly, we find that the trial court did not err in affirming the decision of the Board, because there is sufficient, probative and reliable evidence to support that decision.
Because we conclude that the trial court did not err in concluding that there is sufficient, probative and reliable evidence to support the Board's decision, all of the assignments of error are overruled.
 III
All of the assignments of error having been overruled, the judgment of the trial court is Affirmed.
WOLFF, P.J., and BROGAN, J., concur.
[1] For ease of reference, the appellants will be referred to collectively as Coppess.