OPINION
{¶ 1} Nicholas Company, Inc. ("appellant") appeals from judgment of the Portage County Court of Common Pleas upholding the denial of its appeal to the Board of Zoning Appeals after the Aurora Planning Commission denied its request to split a parcel of land in the city of Aurora.
 {¶ 2} In 1998, appellant purchased 14.07 acres of land located in the city of Aurora, in an R-2 Residential District. An R-2 Residential District permits single family dwellings with a density no greater than one dwelling per three acres and a minimum lot width of 250 feet. On March 21, 2000, appellant filed an application with the Planning Commission, seeking to split the lot into two parcels. One of the proposed parcels would have a 250 foot frontage at the street, but the second parcel would have only 187 feet of frontage at the street. Therefore, the second lot would not comply with the minimum street frontage required by the Zoning Code. On May 2, 2000, the Planning Commission denied appellant's lot split request. The Planning Commission denied the request after determining that appellant created the hardship because two variances would be required for the second lot; appellant did not provide a 60-foot road reservation requested by the city of Aurora; the proposed subdivision was not a rationally, orderly subdividing of the property that can be efficiently served by municipal services as required by the subdivision regulations; and there was a safety concern regarding access to the property via a proposed drive along the lake due to unknown subsurface conditions.
 {¶ 3} On May 16, 2000, appellant appealed the decision of the Planning Commission to the Aurora Board of Zoning Appeals. The Board of Zoning Appeals heard the appeal on August 8, 2000. Appellant maintained that the Planning Commission permitted three earlier splits of the property from which the lot was purchased, thereby creating the hardship cited as a reason for denying the request. Appellant submitted a letter from a bank in which the writer noted that, to build one dwelling on the 14.07 acre lot may lead to an "excess land value problem," whereby the cost of the land exceeds the cost of the home by 30% of the appraised value. If this problem existed, the owner allegedly would have to make a larger down-payment or risk being denied financing. Appellant contended that the second lot would be suitable for construction of a residence if two variances were granted. Appellant stated that a soil bore test done on the site of the proposed road near the lake showed that the existing subsurface soil condition was suitable to support a driveway. Appellant then argued that the reason given by the Planning Commission, that the proposed split would not be a rationally orderly subdivision of the property that can be efficiently served by municipal services, was void for vagueness.
 {¶ 4} On August 17, 2000, the Board of Zoning Appeals denied appellant's appeal from the decision of the Planning Commission. The Planning Commission denied appellant's request to split a parcel of property. On September 14, 2000, appellant appealed this decision to the Portage County Court of Common Pleas.
 {¶ 5} On August 30, 2001, a hearing was held on the appeal in the Portage County Court of Common Pleas on a motion to supplement the record. Both parties submitted briefs to the court on the matter. On December 3, 2001, the Portage County Court of Common Pleas issued its judgment entry. The court found the decision of the Board of Zoning Appeals to be supported by a preponderance of substantial, reliable, and probative evidence and affirmed the decision.
 {¶ 6} On appeal, appellant assigns the following errors for review:
 {¶ 7} "1. The lower court erred when it failed to hold that the decision of the board exceeded the authority granted to the board in lot split matters.
 {¶ 8} "2. The lower court erred because, as a matter of law, there does not exist a preponderance of reliable, probative, and substantial evidence to support the board's refusal to consider appellant's request for variances.
 {¶ 9} "3. The lower court erred because, as a matter of law, there does not exist a preponderance of reliable, probative, and substantial evidence to support the board's denial of appellant's application for a lot split."
 {¶ 10} In its first assignment of error, appellant contends the Portage County Court of Common Pleas erred by failing to find that the Board of Zoning Appeals exceeded its authority by not approving appellant's request to split the lot. Appellant relies upon Aurora Codified Ordinance Section 1107.01(a), which provides that the Planning Commission may approve a lot split, without first engaging in a comprehensive plat review process, if the split meets the conditions set forth in Section 1107.01 and would not be contrary to applicable zoning regulations. Appellant submits it provided all the required information to the Planning Commission, yet its request still was denied.
 {¶ 11} The standard of review applied by the trial court in an administrative appeal is whether the decision of the administrative entity is supported by a preponderance of reliable, probative, and substantial evidence in the record to support the administrative agency's decision. Kisil v. Sandusky (1984), 12 Ohio St.3d 30, 34. When reviewing a denial of an application for a variance by a board of zoning appeals, there is a presumption that the board's determination is valid, and the burden of demonstrating the invalidity of the board's decision rests on the contesting party. C. Miller Chevrolet, Inc. v. Willoughby Hills
(1974), 38 Ohio St.2d 298, paragraph two of the syllabus. The trial court must give deference to the agency's resolution of evidentiary conflicts.Univ. of Cincinnati v. Conrad (1980), 63 Ohio St.2d 108, 111. The court of common pleas may not substitute its judgment for that of the agency, especially in areas of administrative expertise. Community ConcernedCitizens, Inc. v. Union Twp. Bd. of Zoning Appeals (1993),66 Ohio St.3d 452, 456.
 {¶ 12} The role of an appellate court is even more limited in scope. A court of appeals must affirm the decision of the common pleas court unless it finds, as a matter of law, that the decision of the court of common pleas is not supported by a preponderance of substantial, reliable, and probative evidence. Kisil, supra, at 34. While the court of common pleas has the power to weigh the evidence, an appellate court is limited to reviewing the judgment of the common pleas court strictly on questions of law. Battaglia v. Newbury Twp. Bd. of Zoning Appeals (Dec. 8, 2000), 11th Dist. No. 99-G-2256, 2000 Ohio App. LEXIS 5755.
 {¶ 13} Appellant's argument to this court ignores the second requirement of Section 1107.01(a) of the Aurora Codified Ordinances, which is that the proposed lot split must comply with applicable zoning ordinances. Only one of the parcels of land created by the proposed lot split would comply with applicable zoning ordinances. The second parcel of land would require two variances and, therefore, on its face, is not in compliance with the required zoning regulations. The decision of the lower court upholding the decision of the Board of Zoning Appeals was correct under the Aurora Codified Ordinances.
 {¶ 14} Appellant, in its brief, states that the Aurora Planning Commission "unconstitutionally, illegally, arbitrarily, capriciously or unreasonably created an additional set of standards not found in or defined by the Codified Ordinances." Appellant briefly mentions that the actions of the Planning Commission constituted a "taking" of its property because of the requested sixty-foot road reservation and that the ordinance is too vague to be understood by a person of ordinary intelligence. Appellant does not support its contention contesting the constitutionality of the city's actions or of the ordinance itself with sufficient case law or citations to applicable portions of the record to carry its burden on this issue. Appellant's first assignment of error is without merit.
 {¶ 15} In its second assignment of error, appellant argues the Board of Zoning Appeals did not apply the correct standard regarding its request for two variances. Appellant submits that an applicant must demonstrate that practical difficulties would arise if the variance would be denied. Appellant maintains the Board of Zoning Appeals stated no extreme circumstances existed which would require approval of the request to split the lot.
 {¶ 16} We agree with appellant that the `practical difficulties' test is the appropriate standard in considering the validity of an area variance request. See, Duncan v. Middlefield (1986), 23 Ohio St.3d 83. The factors to be considered in determining whether a property owner seeking an area variance has encountered practical difficulties in the use of his property include: (1) whether the property in question will yield a reasonable return or whether there can be any beneficial use of the property without the variance; (2) whether the variance is substantial; (3) whether the essential character of the neighborhood would be substantially altered or whether adjoining properties would suffer a substantial detriment as a result of the variance; (4) whether the variance would adversely affect the delivery of governmental services (e.g., water, sewer, garbage); (5) whether the property owner purchased the property with knowledge of the zoning restriction; (6) whether the property owner's predicament feasibly can be obviated through some method other than a variance; (7) whether the spirit and intent behind the zoning requirement would be observed and substantial justice done by granting the variance. Id., syllabus. However, aside from appellant's contention that the essential character of the neighborhood would not be substantially altered, appellant fails to provide sufficient evidence on any of the factors contained in Duncan, supra.
 {¶ 17} Furthermore, we agree with appellees' argument that since the initial request for a lot split was denied, the issue of whether an area variance should have been granted to appellant became moot. In other words, the lot, as it exists, is in full compliance with all Aurora zoning ordinances. If the lot split had been granted, the second, smaller, lot would have required several variances to be compliant with the Aurora zoning ordinances. However, since the lot split was denied, we are left with one lot in full compliance and appellant's need for an area variance request ceases to exist.
 {¶ 18} As stated in the first assignment of error, to split a lot under the Aurora Codified Ordinances, the proposed split must comply with applicable zoning requirements. By definition, variances are requests that applicable zoning ordinances be set aside because the proposed use, or present use, of the property will not be in compliance with zoning regulations. On its face, the requested lot split did not meet the city of Aurora's zoning requirements. As a result, there was no need for the board to address the issue of the area variance requests. Even if appellant were granted the lot split, appellant has failed to satisfy the practical difficulties test pertaining to area variance requests outlined in Duncan, supra.
 {¶ 19} Further, appellant supports its argument that the Board of Zoning Appeals applied a different standard in determining if the variances should be granted by citing to the comments of Mr. Lipstreu. At the August 8, 2000 meeting before the Board of Zoning Appeals, Mr. Lipstreu remarked that any hardship to appellant was self-imposed because the proposed lot split did not meet the regulations. From reading the text, the record demonstrated that Mr. Lipstreu's statement, in context, shows he was addressing the subdivision regulations and not the requested variances. These statements do not support appellant's argument that the wrong standard was imposed with regard to the variances. However, as discussed above, appellant's argument fails under the practical difficulty standard.
 {¶ 20} For the foregoing reasons, appellant's second assignment of error is overruled.
 {¶ 21} Appellant's third assignment of error challenges the lower court's finding that the ruling of the Board of Zoning Appeals was supported by reliable, probative, and substantial evidence. Appellant first objects to the finding of the Planning Commission that it created a self-imposed hardship because two variances would be required with regard to the second lot. This concern has been addressed above. Appellant's request for a lot split did not comply with applicable zoning requirements.
 {¶ 22} Next, appellant contends that it was impossible to comply with the provision of a 60-foot road reservation for future development . Appellant argues this amounts to a taking of his property because it denies appellant use of its property just based on the possibility that future development may occur on the second proposed parcel of land.
 {¶ 23} The City of Aurora asked for the 60-foot right-of-way in order to connect Page Road, where the property in question is located, with Pioneer Trail for future development. The roadway would be used for the purpose of providing utilities. The city anticipates future development around appellant's property and there was some evidence appellant may seek to build on the second proposed lot in the future. The City's concerns are legitimate and the lower court could rely upon the evidence before it to support its affirmance of the decision of the Board of Zoning Appeals.
 {¶ 24} Appellant maintains that the finding by the Board of Zoning Appeals that the proposed lot split was not a rational, orderly subdivision of the property is based on language that is overly broad and ambiguous. Appellant buttresses this contention with the argument that the property can be efficiently served by municipal services because the property has been approved for a septic system and a well for water consumption.
 {¶ 25} Appellant ignores the other municipal services which must be provided such as utility, safety, and emergency services. The City of Aurora maintained that there is no evidence a proposed driveway located near an existing lake could support heavy vehicles such as fire trucks, emergency vehicles, or utility vehicles. The Director of Engineering, Utilities, and Inspection, Jeffrey Oeltjen, testified that the testing submitted by appellant was based upon only one soil boring and soil conditions can vary over a short distance. Oeltjen did not consider this conclusive evidence that a driveway could be supported at the proposed location. The only access to the back parcel would be along a twenty-foot strip of land alongside a lake, which is a wetland. Wetland soil usually is not suitable to supporting a driveway upon which safety vehicles could safely transverse. To support a fire truck, Oeltjen explained the driveway would have to be more substantial than a regular driveway. The one soil bore test provided by appellant showed the land would be suitable for a normal driveway. However, there is no evidence that the strip of land could support the heavier weight of emergency vehicles.
 {¶ 26} There was evidence regarding the haphazard way the original 44-acre plot had been split since 1997. The property already had been divided three times in that period, without any evidence of a plan. The issue of subdividing the property in an orderly manner is related to the provision of utilities, access, and services to the property and the surrounding land. The City expressed its concerns regarding future development, both on the property itself and on adjacent land. The ordinance at issue is sufficient to address these concerns.
 {¶ 27} Lastly, appellant disputes the safety concern raised by the Board of Zoning Appeals concerning the proposed driveway along the lake. This issue has been addressed above.
 {¶ 28} A review of the record reflects that there is a preponderance of reliable evidence supporting the decision below. Appellant's third assignment of error is overruled. The judgment of the Portage County Court of Common Pleas is affirmed.
ROBERT A. NADER, J., concurs in judgment only, DONALD R. FORD, J., concurs.