DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Ottawa County Court of Common Pleas, which upheld the Put-in-Bay Township Board of Zoning Appeals denial of appellants' request for a conditional use permit to operate a bed and breakfast out of their residence. For the reasons set forth below, this Court affirms the judgment of the trial court. *Page 2 
 {¶ 2} Appellants, Edward and Annette Erickson, set forth the following two assignments of error:
 {¶ 3} "1. The Trial Court erred by allowing the votes of two members of the Board of Zoning Appeals to count on the Appellants' conditional use permit when those members were not present at the public hearing and there is no evidence they reviewed the evidence prior to voting.
 {¶ 4} "2. The Trial Court erred by finding the Board of Zoning Appeals decision was supported by a preponderance of reliable, probative and substantial evidence."
 {¶ 5} The following undisputed facts are relevant to the issues raised on appeal. On March 2, 2006, appellants filed an application for a conditional use permit to operate a bed and breakfast business from their residential home in Put-in-Bay Township, Ohio. Appellants' home is located in close proximity to the island airport. Appellants claimed that their bed and breakfast would cater to pilots. Appellants offered no documentation or factual evidence demonstrating demand driving the necessity for such a business.
 {¶ 6} On March 29, 2006, an initial hearing on the application was conducted before the Put-in-Bay Board of Zoning Appeals ("BZA"). On March 29, 2006, appellants' application was tabled until the April 19, 2006 BZA meeting.
 {¶ 7} Several BZA members were not present at the March 29 meeting. The BZA members who were absent on March 29 were in attendance at the April 19 meeting. Prior to the BZA vote on appellants' application on April 19, 2006, all voting members went into private session for the express and stated purpose of discussing and deliberating *Page 3 
on the pending zoning applications, including appellants' application. The BZA deliberated on the applications for over half an hour, resumed the meeting, and conducted a vote. The BZA voted three to one against appellants' application for a conditional use permit.
 {¶ 8} On May 17, 2006, appellants filed a notice of appeal of the adverse BZA decision in the Ottawa County Common Pleas Court. On August 24, 2006, a transcript of the hearing was filed. On August 31, 2006, a supplement to the transcript was filed. On September 19, 2006, the parties submitted briefs to the court. On November 28, 2006, the trial court denied appellants' appeal of the BZA administrative denial of their conditional use permit. On December 19, 2006, appellants filed a timely notice of appeal.
 {¶ 9} In their first assignment of error, appellants allege the trial court erred in upholding the BZA vote conducted on April 19, 2006. Appellants' challenge rests in large part on their implication of some impropriety in the vote stemming from the fact that two members who voted on April 19 had not been present at the March 29 meeting tabling the application until April 19.
 {¶ 10} In support of their argument, appellants contend that the two members absent on March 29 failed to give adequate consideration to the application prior to their April 19 vote. Appellants argument is rooted in the assumption that the absence of the members at the March 29 meeting somehow precluded them from giving due consideration to the application prior to their April 19 vote. *Page 4 
 {¶ 11} We have carefully reviewed the record and determined that the premise underlying appellants' first assignment of error is not supported by the record of evidence. The record clearly shows that at the April 19 BZA meeting all voting board members went into session to deliberate on appellants' application for a significant period of time prior to conducting their vote. Appellants assert without evidentiary support that two BZA members failed to review or consider the evidence prior to voting on their application.
 {¶ 12} To negate the validity of the BZA vote, appellants must proffer legally relevant evidence that a voting BZA member did not give meaningful consideration to the evidence in support of the application prior to voting on same. State ex rel. Ormet Corp. v. Indus. Comm.
(1990), 54 Ohio St.3d 102. In other words, there is a presumption of regularity of BZA proceedings. Community Concerned Citizens Inc. v.Union Twp. Bd. of Zoning Appeals (1993), 66 Ohio St.3d 452, 456. Consistent with this presumption of regularity, the Ohio Supreme Court has determined the reviewing court may not, "probe the mental processes of the agency decision maker." TBC Westlake, Inc. v. Hamilton County.Bd. of Revision (1998), 81 Ohio St.3d 58.
 {¶ 13} Given these pertinent legal principles, we note that appellants' first assignment is based upon speculation, not facts. The record contains no factual evidence that any members failed to review or consider the evidence before voting on appellants' application. Appellants' first assignment of error is not well-taken. *Page 5 
 {¶ 14} In appellants' second assignment of error, they assert that the trial court erred in upholding the BZA decision as it was not supported by a preponderance of the evidence. In order to fully satisfy the zoning requirements and be entitled to a conditional use permit, appellants needed to establish compliance with 11 factors in support of their application. These factors are set forth in the Put-in-Bay Township Zoning Resolution.
 {¶ 15} In detailing the basis of its denial of appellants' application, the BZA found that appellants failed to satisfy two of the 11 prerequisite elements to justify granting a conditional use permit. Specifically, the BZA held that appellants failed to demonstrate community necessity and public convenience.
 {¶ 16} Our review of the lower court affirmation of the BZA decision is conducted pursuant to an abuse of discretion basis. An abuse of discretion connotes an unreasonable, arbitrary or unconscionable attitude by the trial court. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. We have evaluated the evidence submitted by appellants in support of the necessity and public convenience factors. We find that no relevant or persuasive evidence was submitted to satisfy these requisite factors.
 {¶ 17} In support of the requirements of necessity and desirability, appellants offered unsubstantiated claims of widespread public support of the proposed property use. Contrary to this claim, numerous property owners in appellants' residential subdivision gave specific testimony to necessity and desirability. Appellants cannot establish necessity and desirability based solely upon their own self-serving testimony. *Page 6 
The evidentiary burden lies with appellants. They failed to proffer objective or independent evidence in support of necessity and desirability of their non-conforming use of the property. Unilateral claims by the applicants of "overwhelming affirmation we've received from many visitors, islanders, neighbors and others" cannot constitute legally relevant evidence of necessity or desirability.
 {¶ 18} With respect to the public convenience factor, appellants similarly rely upon their subjective and unsupported personal opinion. In an attempt to establish that the proposed use is needed for public convenience at the proposed location, appellants state that, "we believe the location, adjacent to the runway, is ideal." Appellants' own belief, in and of itself, that the locale is "ideal" cannot suffice to establish the desired zoning variance is necessary for public convenience. Their personal belief must be bolstered by objective, relevant evidence. The record contains no such evidence.
 {¶ 19} There is nothing contained in the record from which we can conclude that the lower court's affirmation of the BZA decision was an abuse of discretion. Appellants' second assignment of error is not well-taken.
 {¶ 20} On consideration whereof, the judgment of the Ottawa County Court of Common Pleas is affirmed. Appellants are ordered to pay the costs of this pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded the Ottawa County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Mark L. Pietrykowski, P.J., Arlene Singer, J., Thomas J. Osowik, J. CONCUR. *Page 1