DECISION ON RECONSIDERATION
{¶ 1} This matter is before us on appellants' motion for reconsideration of our decision rendered December 23, 2002. In support of their motion, appellants, George A. More, Sally More and Excalibur Development Corp., argue that said decision should be reconsidered for three reasons. Appellants reassert that the Batavia Township Trustees' decision was legislative and not administrative in nature. They also contend that we incorrectly used the word "only" in our previous opinion. Finally, appellants assert that we incorrectly determined that they had failed to exhaust administrative remedies.
 {¶ 2} When reviewing a motion to reconsider, we determine whether the motion calls to our attention an obvious error in our decision or raises an issue for consideration which was either not considered at all or not fully considered when it should have been. Matthews v. Matthews
(1982), 5 Ohio App.3d 140, 143.
 Administrative v. Legislative {¶ 3} The Ohio Supreme Court has stated that where specific property is already zoned as a Planned Unit Development ("PUD"), approval of subsequent development as being in compliance with the existing PUD standards is an administrative act. State ex rel. Zonders v.Delaware County Bd. of Elections (1994), 69 Ohio St.3d 5, 13; and see Dillon v.Dover Bd. of Zoning Appeals (June 5, 1997), Union App. No. 14-97-2. This case involves a proposed modification to an existing preliminary development plan ("PDP"). As such, the Township acted administratively when denying appellants' proposed modification.
 Use of the Word "Only" {¶ 4} A sentence in ¶ 13 of our December 23, 2002 opinion stated: "However, a declaratory judgment action only challenges theexisting zoning ordinance's overall constitutionality. Id. at 16 (emphasis added); Community Concerned Citizens, Inc. v. Union Twp. Bd. ofZoning Appeals, 66 Ohio St.3d 452, 453, 1993-Ohio-115." We hereby amend that sentence by deleting the word "only" and replacing "Id. at 16" with the following citation: Karches v. City of Cincinnati (1988),38 Ohio St.3d 12, 16. These changes have no substantive bearing on our decision in the case and therefore are not errors that necessitate further reconsideration of the decision.
 Exhaustion of Administrative Remedies {¶ 5} Appellants state that the Trustees waived the defense of failure to exhaust administrative remedies by their answers to interrogatories, and by admitting during both pre-trial and trial that they acted legislatively. Our opinion did not specifically address these waiver arguments, nor was this issue fully considered by this court. The opinion briefly stated, without explanation, that appellants had not exhausted their administrative remedies pursuant to R.C. Chapter 2506.
 {¶ 6} We agree with appellants that the Trustees waived their affirmative defense of exhaustion of administrative remedies. This defense "is not a jurisdictional defect to a declaratory judgment action; it is an affirmative defense that may be waived if not timely asserted and maintained." Jones v. Chagrin Falls (1997), 77 Ohio St.3d 456, at syllabus. Waiver occurs if this defense is not raised in the pleadings through an answer or responsive pleading, or if it is not raised in an amendment to the pleadings. Jim's Steak House, Inc. v. City ofCleveland, 81 Ohio St.3d 18, 20, 1998-Ohio-440.
 {¶ 7} In this case, appellants never affirmatively asserted the defense of exhaustion of administrative remedies. In response to the assertion in appellants' complaint for declaratory judgment and injunction that the Trustees acted legislatively in unanimously rejecting appellants' proposed modification, the Trustees answered that they "admit the allegations." They did not affirmatively assert their defense.
 {¶ 8} In response to appellants' assertion in the complaint that the Trustees "had made a final determination" and that appellants were "not required to pursue any administrative remedy" and the action was "ripe for adjudication," the Trustees responded that these allegations were legal conclusions and not factual allegations and therefore they denied them. However, when this response as to ripeness was questioned in a later interrogatory that was filed with the court, the Trustees responded that they "are not aware of any administrative remedy to be pursued by [appellants] and do not contest that the Court has jurisdiction for review of this action."
 {¶ 9} In response to an additional interrogatory propounded by appellants, the Trustees did not assert the defense. Interrogatory No. 18 asked "[w]hat if any, administrative remedies are [appellants] required to pursue prior to initiating this litigation?" The Trustees responded "[we] believe that [appellants] have followed all necessary administrative procedures with respect to the pending litigation."
 {¶ 10} Taking all of these statements into consideration, it is evident that the Trustees never properly asserted and maintained the affirmative defense of failure to exhaust administrative remedies. As such, we incorrectly held that "appellants must exhaust their remedies prior to instituting a declaratory judgment action." Instead of proceeding with an administrative appeal of the Trustees' final administrative order, appellants pursued a declaratory judgment action. Because we have found that the Trustees failed to assert and therefore waived the defense of failure to exhaust administrative remedies, appellants may properly pursue a declaratory judgment action.
 {¶ 11} Appellants assert that the Trustees' decision to deny the modification to the approved PDP was arbitrary and unreasonable. They reason that because it is arbitrary and unreasonable, that it is therefore unconstitutional. Such reasoning is incorrect.
 {¶ 12} A constitutional challenge exists where a party alleges that a taking of property has occurred. Goldberg Companies, Inc. v.Council of the City of Richmond Heights, 81 Ohio St.3d 207, 210,1998-Ohio-207. Appellants do not argue or allege a taking of their property. A constitutional challenge also exists where there is a challenge to an ordinance as applied to a specific parcel of land. Id. An unconstitutional as applied challenge "seeks only a prohibition against the application of the ordinance to the property." Id. Appellants assert the opposite, that the PUD regulation and approved PDP were not applied to the property. Although appellants have obfuscated their actual argument by entangling their appeal of the final administrative order with incorrectly argued constitutional arguments, a declaratory judgment action may still be filed.
 {¶ 13} A declaratory judgment action is filed pursuant to R.C. Chapter 2721. R.C. 2721.03 states that, "any person interested under a * * * township resolution * * * may have determined any question of construction or validity arising under the * * * resolution * * * and obtain a declaration of rights, status, or other legal relations under it." In their appeal, appellants are asking for a declaration of their status as to the PUD regulations and approved PDP. They ask us to determine whether the Trustees properly applied the PUD regulations and approved PDP when making their decision concerning the proposed modification, i.e., a review of the final administrative order.
 {¶ 14} "[A] court is bound by the nature of administrative proceedings to presume that the decision of the administrative agency is reasonable and valid." Community Concerned Citizens, Inc. v. Union Twp.Bd. of Zoning Appeals, 66 Ohio St.3d 452, 456, 1993-Ohio-115, citing toC. Miller Chevrolet, Inc. v. Willoughby Hills (1974), 38 Ohio St.2d 298. Judgments supported by competent, credible evidence going to all the material elements of the case must not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Constr. Co.
(1978), 54 Ohio St.2d 279. If the evidence is susceptible to more than one interpretation, we must construe it consistently with the lower court's judgment. Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77.
 {¶ 15} The trial court found that the proposed modified plan "flies in the face of the original proposal." It cited to the original PUD application which stated that the PUD "will provide a clustering of * * * dwelling units in varied life styles set within large areas of open space with recreational facilities, all interrelated with nature trails, walkways * * *." The trial court also cited to R.C. 519.021 stating that "regulations may vary `in order to accommodate unified development.'"
 {¶ 16} It then stated that the proposed plan would create separate facilities instead of an integrated community with the first phase of the PUD. The trial court then found that appellants did not "propose an interrelated community but a separate housing complex that was not intended by the original approval or the Township Zoning regulations regarding PUDs." It concluded that the Trustees concerns about this matter were not clearly arbitrary and unreasonable.
 {¶ 17} The trial court found further that the Clermont County Planning Commission's points of concern listed in its letter to appellants had not been addressed concerning slope stability and water retention/detention. It concluded that these "concerns bear a substantial relation to the public health safety and general welfare of the community."
 {¶ 18} Appellants maintain that the Trustees' decision was arbitrary and unreasonable. They also argue that the trial court incorrectly treated the application for the original creation of the PUD as having the effect of an official resolution. Finally, they assert that the trial court improperly determined that slope stability and water retention/detention issues justified the Trustees' decision.
 {¶ 19} In support of their argument that the Trustees' decision was arbitrary and unreasonable, appellants state that the proposed modifications meet or exceed: (1) the Residential PUD regulations of the Batavia Township Zoning Resolution, (2) the existing PUD zoning resolution for this property, and (3) the approved PDP. They also note that testimony from the expert who aided the Township in drafting its Growth Management Plan expressed her opinion that the Trustees' acted unreasonably and arbitrarily.
 {¶ 20} Appellants' assertion that the expert's opinion "makes clear that the [Trustees] acted arbitrarily and unreasonably" is not dispositive. The expert's opinion as to the arbitrariness and unreasonableness of the Trustees' decision goes to the weight of the evidence. Her statement alone does not make their decision arbitrary and unreasonable. It was not error for the trial court to disagree with appellants' expert.
 {¶ 21} Appellants are correct in their assertion that their proposed modification meets the requirements within the PUD and approved PDP. These documents give little more than the location of the PUD, the percent of open space, and the number of units permitted to be built. However, the residential PUD regulations do state that when making a determination concerning a modification to a PUD, the Trustees have additional information before it, including: the comments and recommendations of the county planning commission, the comments of county agencies, and the recommendation of the township zoning commission. Further, the Standards for Petition Review in this document also state that "[t]he proposed development shall conform to the intent and the regulations, requirements and standards of a Residential PUD District." Therefore, the Batavia Township Zoning Resolution provides the Trustees some discretion in determining whether to approve the modification.
 {¶ 22} Admitted into evidence were the original proposal for the PUD and the approved PDP. Appellants argue the trial court erred in considering the notorized PUD application. The Township's original resolution approving the creation of this PUD lists the acreage, number of units, and the case number, B-9-73-Z. We note that the notarized PUD application also references the case number. It is axiomatic that the Trustees need to rely on more than the number of units permitted and the permitted open area in order to make a fully informed decision concerning the development of a PUD. As stated earlier, Batavia Township's Zoning Resolution allowed the Trustees to consider other documents. By its very nature, a PUD's purpose is to "promote the general public welfare, encouraging the efficient use of land and resources, promoting greater efficiency in providing public utility services, and encouraging innovation in the planning and building of all types of development." R.C. 519.021.
 {¶ 23} Appellants cite Crates v. Garlock Bros. Construction
(Oct.31, 1991), Hancock App. No. 5-91-8, for the proposition that the trial court was not permitted to consider the original PUD application. This case is not dispositive. Crates states that notations on an application were not sufficient to constitute a valid zoning resolution. In the present case, the validity of the original zoning resolution enacting the PUD is not in question. Therefore, we find that the trial court did not err in considering the notarized application as it was competent, credible evidence.
 {¶ 24} The trial court also considered evidence presented concerning stability of the slopes and water detention/retention issues that were before the Trustees when they made their decision. Appellants argue the trial court should not have considered these issues. In the Batavia Township Zoning Resolution it states that "[t]he proposed development shall be adequately served by public facilities and services such as but not limited to * * * drainage course * * *; or that the persons or agencies responsible for the proposed development shall be able to properly provide such facilities and services."
 {¶ 25} Appellants contend that they presented evidence at trial that the issues regarding slope stability and water retention/detention had been addressed, even though these issues "were not in dispute." However, these issues were not addressed during the public hearing when the Trustees made their decision. They were issues that the Clermont County Planning Commission raised in its letter to appellants. Concerns as to the water retention/detention issue were also voiced during the public hearing. It was not erroneous for the court to consider these issues when determining the arbitrariness and unreasonableness of the Trustees' decision. This evidence was competent, credible evidence.
 {¶ 26} The trial court did not erroneously rely upon the notarized original PUD application and Clermont County Planning Commission letter. We find the judgment supported by competent, credible evidence going to all the material elements of the case. Accordingly, we affirm the trial court's decision.
YOUNG and VALEN, JJ., concur.